ELLIS v. MASON.

1. If goods shipped by mortgagor to mortgagee without direction as to application are covered by the mortgage; or, not being covered by the mortgage, are directed to be applied to the mortgage debt, the proceeds of their sale must be applied to the debt secured by the mortgage.
2. This case distinguished from *Whilden & Co.* v. *Pearce*, 27 S. C., 44.
3. Exceptions based upon a failure to charge what was not requested, and upon a charge favorable to appellant, not considered.
4. Exceptions charging error in refusing a motion made on the minutes for a new trial, and "because the verdict of the jury was contrary to the law and the evidence and the terms of the mortgage," not considered.

Before KERSHAW, J., Hampton, November, 1889.

Action of claim and delivery by Ellis, Young & Co. against J. A. Mason, commenced in August, 1888. The opinion states the case.

*Messrs. Denmark, Adams & Adams*, and *E. F. Warren*, for appellants.

*Mr. W. S. Tillinghast*, contra.

March 13, 1890. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The plaintiffs brought this action to recover possession of certain personal property, to wit, two mules, one four-horse wagon, one hundred barrels of rosin, ten barrels of spirits, ten barrels of crude turpentine, and a lot of tools and implements used in making, gathering turpentine, and preparing the same for market. The plaintiffs claim under a mortgage from defendant to them, executed January 25, 1888, for the purpose of securing the payment of two notes of four hundred dollars each, one payable 15th of July, 1888, and the other 1st October,

1888, bearing interest from date at the rate of eight per cent. per annum until paid, and all renewals of the same. Amongst other property mentioned as conveyed by the mortgage is the following : "Also all spirits turpentine and rosin manufactured, and all crude turpentine in boxes or at said still, with all staves, heading, and other material for use in said business." The mortgage also contains a stipulation, that defendant will ship to plaintiffs all spirits of turpentine and rosin which he may make or manufacture before 1st December, 1888, for sale on account of defendant, with the further stipulation, "that the title to any and all of said naval stores which the said J. A. Mason may manufacture or have for shipment or sale at any time, shall vest immediately in said Ellis, Young & Co. from the time the same are ready for sale or shipment * * * till full payment of said indebtedness and every part, with eight per cent. interest, as aforesaid."

It also contains the further provision, that plaintiffs "are not bound to advance more than the said sum of eight hundred dollars, to be owing at any one time, nor are they bound to renew said notes ; but if they make any other or further advance or renew said notes, such other advances, and any such renewal or renewals, are to be secured by this mortgage just as fully as the said notes, provided the amount of such additional advances shall not exceed ten per cent. of the amount originally agreed upon to be advanced." And there is the further stipulation, that if the defendant "shall make default in payment of the said notes or other indebtedness, or shall violate or break his said covenant and agreement as to the shipment of naval stores," then the plaintiffs shall be at liberty to seize and sell all the property covered by the mortgage, and after paying the expenses of such seizure and sale, "and full payment of said debt, with interest, render the overplus, if any," to the defendant.

The case came on for trial before his honor, Judge Kershaw, and a jury, when the plaintiff offered in evidence the mortgage, together with the two notes referred to therein, and also an account, showing that they had advanced to defendant during the year something over twenty-five hundred dollars, upon which they had credited something over thirteen hundred dollars, being the proceeds of the sale of naval stores shipped to plaintiffs by defendant,

together with the proceeds of sales of certain property seized under the mortgage. The defendant offered testimony tending to show that he had shipped naval stores, to pay the mortgage debt, to an amount much more than sufficient for that purpose, and that in fact he had paid the plaintiffs something over sixteen hundred dollars, and that there was nothing now due under the mortgage.

The jury were instructed that if anything was due to the plaintiffs under the mortgage, they were entitled to recover; but if nothing was due under the mortgage, then their verdict should be for the defendant. They were further instructed, that if a payment is made by a debtor to a creditor, a part of whose claim is secured by a mortgage and a part not, without any instructions, at the time of making the payment, as to its application, the creditor may lawfully apply such payment to the unsecured portion of the claim; but if the debtor so directs at the time, he can require the creditor to apply the payment to the debt secured by the mortgage; or if the payment is made from the proceeds of the sale of the mortgaged property, then it must be applied to the mortgage without any special direction being necessary. The jury were, therefore, instructed, that if the naval stores were shipped by the defendant to the plaintiffs under the terms of the mortgage, then they were properly applicable to the mortgage debt; but if they were shipped to be applied to the general account, then the plaintiffs could so apply them.

The jury having rendered a verdict for the defendant, and a motion for a new trial having been refused, the plaintiffs appeal upon the following grounds: "1. Because his honor erred in charging the jury, that if the property (meaning the spirits and rosin) were shipped under the terms of the mortgage, it was properly applicable to the mortgage. 2. Because his honor erred in charging the jury, that if he (the respondent) shipped the property to plaintiffs, appellants, to be applied to a general account, the party plaintiffs could apply it to a general account if they saw fit to do so; whereas he should have charged the jury, that, under the terms of the mortgage, the last item in the account was as fully secured by the mortgage as the first or any other item. 3. Because his honor erred in charging the jury, that if the defendant directed the plaintiffs to apply the payment to the mortgage,

they should have done so. 4. Because his honor erred in charging the jury, that the defendant, respondent, had a right, if he chose, to have his payments applied to the liquidation of the mortgage; whereas he should have charged that the mortgage, under the terms therein contained, was intended to secure all advances made by the plaintiffs, appellants, provided the advances did not at any time exceed the sum of eight hundred dollars. and ten per cent. on the said eight hundred dollars. 5. Because his honor erred in refusing the motion made on the minutes of the court by plaintiffs, appellants, to set aside the verdict of the jury. 6. Because the verdict of the jury was contrary to the law and the evidence and the terms of the mortgage."

As to the first ground of appeal, it seems to us that the proposition there complained of is so obviously well founded that it is difficult to discuss it. If the naval stores shipped were covered by the mortgage, then, unquestionably, they should have been applied to the mortgage debt, for that was the original contract of the parties. See *Hunter* v. *Wardlaw & Edwards*, 6 S. C., 74; *Thatcher* v. *Massey*, 20 *Id.*, 542. If, however, the naval stores were not covered by the mortgage, but were shipped by defendant to plaintiffs, to be applied to the mortgage debt—shipped ' under the terms of the mortgage"—then, according to the well settled rule applicable to the appropriation of payments, as developed in the case last cited, they should have been applied to the mortgage debt. This case differs materially from the case of *Whilden* v. *Pearce*, 27 S. C., 44, relied on by appellants, for there the naval stores shipped were held not to be covered by the mortgage, and there being no instruction to apply the proceeds to the mortgage debt, the creditor was at liberty to apply the same to the unsecured portion of the account. Here, however, the naval stores were unquestionably covered by the mortgage, as is shown by the terms of that paper, as copied above; and in addition to this, defendant testified that these articles were shipped on account of the mortgage debt.

As to the second ground of appeal, it is only necessary to say that so much of it as complains of what the Circuit Judge did charge was decidedly favorable to plaintiffs, and so much of it as complains of what the judge did not charge, but should have'

charged, has no basis to rest upon, as we find no request so to charge mentioned in the "Case."

The third ground has been practically disposed of already, by what has been said in reference to the first ground. *Thatcher* v. *Massey, supra.*

So much of the fourth ground as complains of what the judge did charge, cannot be sustained for the reasons already indicated, the charge being in strict conformity to the rule regulating the application of payments; and as to so much of this ground as complains of an omission to charge what he should have done, cannot be sustained, for the reason that it does not appear that there was any request so to charge.

As to the fifth and sixth grounds of appeal, this court has so often had occasion to say that such grounds cannot be considered here, that it is not necessary to consider them further.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.