## 11534

### RHODUS v. GOINS

#### (123 S. E., 645)

1. ACCOUNT STATED—"ACCOUNT STATED" IS ONE DEBTOR ACCEPTS AS CORRECT.—An "account stated" is one that debtor accepts as being correct and agrees to its being correct.

2. INTEREST—COMPUTED IN ACCORDANCE WITH TERMS OF NOTE.—Computation of interest due on a note must be made in accordanc with terms thereof.

3. INTEREST—PROVISION OF NOTE FOR 8 PER CENT. INTEREST CALLS FOR SIMPLE INTEREST ONLY.—A promissory note calling for interest at 8 per cent. per annum calls for simple interest only, and it is error to compound the interest.

4. BILLS AND NOTES—MORTGAGE AND NOTE CONSTRUED TOGETHER; PROVISION OF NOTE GOVERNS AS TO INTEREST.—Where a note and mortgage were made at same time, they are construed together, and, in case of conflicting provisions as to interest, the note will govern.

5. PAYMENT—DEBTORS DIRECTION AS TO APPLICATION OF PAYMENT MUST BE FOLLOWED.—Where cotton was turned over by mortgagor to mortgagee, with direction at the time that it should be applied to the secured debt, mortgagee was bound to so apply it, especially where he then owed the mortgagee no other debt.

Before MEMMINGER, J., Williamsburg, December, 1923. Reversed and complaint dismissed.

Action by E. B. Rhodus against H. W. Goins. Judgment for plaintiff and defendant appeals.

*Mr. Philip H. Stoll,* for appellant, cites: *Error to compound interest when note calls for simple interest only:* 110 S. C., 569. *Terms of note govern:* 27 Cyc., 1135. *Creditor bound to apply payment as directed:* 32 S. C., 277.

*Messrs. Kelly & Hinds,* for respondent, cite: *Force of findings of referee concurred in by Circuit Judge:* 96 S. C., 106; 96 S. C., 148; 92 S. C., 501; 91 S. C., 476. *Account stated:* 1 C. J., 678; 8 S. C., 375.

Note: For authorities discussing the question as to what constitutes an account stated, see note in 27 L. R. A., 811.

June 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of Judge Memminger foreclosing two mortgages. The exceptions, 13 in number, challenge the correctness of his Honor's findings of fact, and as to the amount found due on the two mortgages. This Court has held that where the referee and Circuit Judge concur in their findings of fact, it is incumbent upon the appellant to satisfy this Court that such concurrent findings are without testimony to support them, or obviously against the preponderance of the evidence. In this case the appellant has satisfied us that his Honor's decree cannot be sustained.

The respondent relies on what he claimed was an account stated. An "account stated" is one that the debtor accepts as being correct and agrees to it being correct. In this case the evidence does not satisfy us that the appellant accepted the statement of the respondent's account as being correct.

The respondent compounded the interest, which was incorrect. It should have been calculated according to the terms of the notes, as simple interest at 8 per cent. A note is a written instrument, and in computing the amount due thereon in principal and interest the computation must be made in accordance with the terms of said note. *Tate v. Lenhardt,* 110 S. C., 569; 96 S. E., 720.

A promissory note that calls for interest at 8 per cent per annum calls for simple interest only, and it is error to compound interest on same. *Tate v. Lenhardt,* 110 S. C., 569; 96 S. E., 720.

"Where a mortgage is given to secure the payment of a note or bond, the two instruments being made at the same time, they are to be read and construed together. And in respect to the terms of the debt or inter-

est, or the time for its payment, if the note and mortgage contain conflicting provisions, the note will govern, as being the principal obligation." 27 Cyc., 1135, 1136.

In addition to this, his Honor should have allowed the appellant credit for the sum of $119.68, which the respondent admitted to have been paid and which his statement did not show.

We think that when the appellant turned over, about December 1, 1917, to the respondent, $413.85 in cotton, and did not, at that time, owe him anything except the notes, secured by the mortgages, the law applied the proceeds of the cotton to the notes secured by the mortgage. The evidence satisfies us that at that time the appellant owed nothing to the respondent except the notes secured by the mortgages.

The appelant directed, he testifies, that the proceeds of the cotton be applied to the mortgage debts.

Where a payment is made by a debtor to a creditor, a part of whose claim is secured by a mortgage, with a direction at the time that it should be applied to the debt secured by the mortgage, the creditor is bound to so apply it. *Ellis et al. v. Mason,* 32 S. C., 277; 10 S. E., 1069.

Without going into an elaborate stating of account, we are satisfied that the decree of Judge Memminger is not supported by the evidence and is in conflict with the law applicable to the issues involved; that the appellant has overpaid to the respondent what is due on the mortgage debt; and that Judge Memminger's decree should be reversed and the complaint dismissed.

Reversed.

Messrs. Justices Fraser, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.