**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles L. McCallum, d/b/a Smallwood Development Corp., LLC, Respondent,

v.

Sherod Eadon, Jr., Darrell W. Hanshaw, Russell Howard, Gary W. Popwell, and Christopher G. Isgett, Defendants,

Of whom, Sherod Eadon, Jr., Gary W. Popwell, and Christopher G. Isgett are the Appellants.

Appellate Case No. 2011-198646

_____

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

_____

Unpublished Opinion No. 2013-UP-029
Heard December 12, 2012 – Filed January 16, 2013

_____

**AFFIRMED**

_____

Gary Walton Popwell, Jr., of Lee, Eadon, Isgett, Popwell & Reardon, P.A., of Columbia, for Appellants.

Michael W. Tighe, Mary Dameron Milliken, and Ian Douglas McVey, all of Callison, Tighe & Robinson, LLC, of Columbia, for Respondent.

**PER CURIAM:** This appeal arises from a note payment dispute between Appellants Sherod Eadon, Jr., Gary W. Popwell, and Christopher G. Isgett (collectively Borrowers) and Respondent Charles L. McCallum, d/b/a Smallwood Development Corp., LLC (McCallum). On appeal, Borrowers argue that the master-in-equity (master) erred in: (1) failing to correctly apply the law of restitution; (2) failing to allow Borrowers an offset for rent that they overpaid; (3) awarding attorney's fees and costs without making the required findings justifying the award and without granting Borrowers a hearing on the issues; (4) awarding McCallum $3,000 in costs for the services of an accountant; and (5) computing the interest on the principal balance through the hearing date. We affirm.

1. As to Borrowers' claim the master failed to correctly apply the law of restitution, we find no error. *See Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc.*, 296 S.C. 530, 532, 374 S.E.2d 507, 509 (Ct. App. 1988) ("To recover on a theory of restitution, the plaintiff must show: (1) that he conferred a nongratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff its value." (citation omitted)).

2. As to Borrowers' claim the master failed to allow Borrowers an offset for rent that they overpaid, our review of the preponderance of the evidence in the record shows the rent was not overpaid and, therefore, the master did not err in his refusal to allow an offset. *See Welch v. Epstein*, 342 S.C. 279, 313, 536 S.E.2d 408, 425-26 (Ct. App. 2000) (noting the trial court has the discretion to offset).

3. As to Borrowers' claim the master erred in awarding attorney's fees and costs without making the required findings justifying the award and without granting Borrowers a hearing on the issues, we find no abuse of discretion because: (1) Borrowers did not dispute that the note provided for attorney's fees; (2) McCallum's counsel filed affidavits of attorney's fees and costs that set forth the amounts requested and specifically discussed each of the six relevant factors; (3) Borrowers admitted they did not object to the affidavits at trial; and (4) the master's order specifically found the amounts to be "reasonable based upon the contested nature of this matter." *See Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) ("When there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown." (citation omitted)); *id.* at 494, 427 S.E.2d at 660 ("There are

six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained." (citation omitted)); *Hardaway Concrete Co., Inc. v. Hall Contracting Corp.*, 374 S.C. 216, 232, 647 S.E.2d 488, 496 (Ct. App. 2007) (finding the master-in-equity did not err in failing to make specific findings with regard to each *Blumberg* factor because sufficient evidence in the record supported each factor).

4. As to Borrowers' claim the master erred in awarding McCallum $3,000 in costs for the services of an accountant, we find no abuse of discretion because the note required Borrowers "to pay all costs of collection" in the event of default and, in their answer to the complaint, Borrowers requested McCallum make an accounting because they did not have documentation of all payments that had been made. *See Mace Indus., Inc. v. Paddock Pool Equip. Co., Inc.*, 288 S.C. 65, 71, 339 S.E.2d 527, 531 (Ct. App. 1986) (finding the terms of an agreement control the liability of the parties); *Simpson v. Simpson*, 377 S.C. 527, 539, 660 S.E.2d 278, 285 (2008) (finding the trial court did not abuse its discretion in ordering payment of certified public accountant costs).

5. As to Borrowers' claim the master erred by awarding McCallum compounded interest instead of simple interest, we disagree. Initially, we note this issue is not preserved. The master issued his original order of judgment on February 8, 2011. Thereafter, Borrowers filed a Rule 59(e), SCRCP, motion to alter or amend the judgment, arguing that the interest amount had been calculated improperly. On August 12, 2011, the master granted Borrowers' Rule 59(e) motion in part and denied it in part, reducing the interest amount due by Borrowers to $46,932.50. Though Borrowers argue on appeal the new interest amount listed in the August order is still not correct, Borrowers did not file a Rule 59(e) motion with regard to the August order; therefore, the issue is unpreserved. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) ("[A] second motion for reconsideration under Rule 59(e) is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration."). Moreover, even if the issue was preserved, we would find the master did not err because the note provides for a principal sum of $200,000 plus 8.5% interest until the note is fully paid, and, in the event of default, the note provides that the principal and interest not paid shall bear interest at the rate of 18% per annum. *See Rhodus v. Goins*, 129 S.C. 40, 123 S.E. 645, 645-46 (1924) ("A note is a written instrument, and in computing the amount due thereon in

principal and interest the computation must be made in accordance with the terms of said note." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., PIEPER, J., and CURETON, A.J., concur.**