551 S.E.2d 588

BEAUFORT REALTY COMPANY, INC., Respondent,

v.

BEAUFORT COUNTY, a political subdivision of the State of
South Carolina, and the Beaufort County Board of Appeals,
an appointed agency of Beaufort County, Respondents,

and

The South Carolina Coastal Conservation League, Appellant.

No. 3360.

Court of Appeals of South Carolina.

Heard May 8, 2001.

Decided June 25, 2001.

Rehearing Denied Aug. 22, 2001.

William B. Regan, and Frances I. Cantwell, both of Regan, Cantwell & Stent, of Charleston, for appellant.

David L. Tedder, of Daugs, Tedder, Newman & McDougall, of Port Royal; Curtis L. Coltrane, of Coltrane & Alford, of Hilton Head; and Ellison D. Smith, IV, of Smith, Bundy, Bybee & Barnett, of Charleston, for respondents.

HEARN, C.J.:

The South Carolina Coastal Conservation League (League) appeals the circuit court's order reversing four consolidated appeals from the Beaufort Zoning Board of Appeals (Board) on the ground that the League lacked standing to appeal the decisions of the Beaufort County Zoning Administrator (Administrator) to the Board, and, therefore, the Board was

without legal authority to overturn the Administrator. We affirm.

## FACTS

In November 1998, Beaufort Realty Company, Inc. (Beaufort Realty) submitted a plat subdividing Bay Point Island to the Administrator, who exempted the plat from approval under the Beaufort County Development Standards Ordinance (Ordinance) because all the lots shown were five acres or more in size and no new access was required. In December 1998, a similar plat for Rose Island was presented to the Administrator, who likewise stamped that plat exempt. The League, a non-profit conservation advocacy group, challenged these decisions and requested the matters be consolidated for hearing.

The Board held a hearing on both of these matters and issued an order overturning the Administrator's determinations that the plats were exempt from the Ordinance. Beaufort Realty appealed the decision of the Board to the circuit court.

In March 1999, Beaufort Realty altered and resubmitted the plats. Again, after consulting with the county's development review team, the Administrator exempted the plats for each island.[1] The League challenged the exemptions to the Board. Following a hearing, the Board again overturned the Administrator's decision. Beaufort Realty appealed this decision to the circuit court.

These matters were consolidated for hearing. The circuit court reversed the Board on all four appeals, finding the League lacked standing to appeal the Administrator's decisions to the Board, and therefore, the Board was without legal authority to overturn the Administrator. This appeal follows.

## DISCUSSION

The League argues the circuit court erred in finding the League lacked standing to appeal the Administrator's decisions to the Board. We disagree.

---

1. This was done pursuant to a recently enacted county ordinance mirroring the exemption from subdivision review authorized by S.C.Code Ann. § 6–29–1110(2)(b) (Supp.2000).

■■■ "An organization has standing only if it alleges that it or its members will suffer an individualized injury; a mere interest in a problem is not enough." *Carolina Alliance for Fair Employment v. S.C. Dep't of Labor, Licensing & Regulation,* 337 S.C. 476, 487, 523 S.E.2d 795, 800 (Ct.App.1999) (citing *Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972)). The United States Supreme Court has established the following requirements to show standing: (1) the plaintiff must suffer an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The *Lujan* Court also held that it is "substantially more difficult" to establish standing where a challenge to the government action is brought by one who is not the object of the action, but rather seeks to challenge government action or inaction because of alleged illegality. *Id.* An organization has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

■■■ Additionally, Rule 201, SCACR, provides that "[o]nly a party aggrieved by an order, judgment, or sentence may appeal." A party is aggrieved by a judgment or decree when it operates on his or her rights of property or bears directly on his or her interest. *Cisson v. McWhorter,* 255 S.C. 174, 178, 177 S.E.2d 603, 605 (1970); *Bivens v. Knight,* 254 S.C. 10, 13, 173 S.E.2d 150, 152 (1970). The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition on a party of a burden or obligation. *Id.* A party cannot appeal from a decision which does not affect his or her interest, however erroneous and prejudicial it may be to some other person's rights and interests.

■ The League has not alleged that it or its members have suffered or will suffer an individualized injury as the result of the filing of the subdivision plats. Although the League alleges its members will suffer injury if the islands are developed, the injury is purely conjectural and hypothetical. There is no evidence in the record that either the League or its members have suffered any actual injury by the filing of the subdivision plats.

The League relies on *Friends of the Earth v. Laidlaw Environmental Services,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). In *Laidlaw,* the United States Supreme Court held certain environmental groups had standing to bring suit pursuant to the Clean Water Act against Laidlaw, a wastewater treatment facility. When Laidlaw discharged excessive pollutants into a river, Friends of the Earth (Friends) and other environmental groups filed an action seeking declaratory and injunctive relief, civil penalties, costs, and attorney fees. The Court found Friends demonstrated sufficient injury to establish standing, citing the testimonial evidence of various members of the groups who had already been adversely affected by the pollutants. *Id.* at 181–83, 120 S.Ct. 693. For instance, some members who lived along the river near the plant had to refrain from recreational activities such as fishing, hiking, camping, swimming, boating, and picnicking. One member also attested to decreased property values.

However, *Laidlaw* is distinguishable from the instant case for two reasons. First, the League did not call any of its members as a witness, whereas Friends called many of its members to testify. *See Laidlaw,* 528 U.S. at 181–82, 120 S.Ct. 693; *see also Carolina Alliance,* 337 S.C. at 487, 523 S.E.2d at 800 (holding that an organization has standing only if it shows its members will suffer injury). Although the League's attorney argued that there was an injury in fact, arguments of counsel are not evidence. *See McManus v. Bank of Greenwood,* 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *Bowers v. Bowers,* 304 S.C. 65, 68, 403 S.E.2d 127, 129 (Ct.App.1991); *Gilmore v. Ivey,* 290 S.C. 53, 58, 348 S.E.2d 180, 184 (Ct.App.1986).

Secondly, the League has shown only the potential for future harm, whereas Friends clearly demonstrated in *Laidlaw* that many of its members had already suffered harm. *See Laidlaw*, 528 U.S. at 181–82, 120 S.Ct. 693. Even the League's own attorney stated before the Board that its members had not suffered any harm, but merely feared the prospect of future harm: "We have many members in Beaufort County who have—the *prospect* of exempting these islands from development would view it with severe concern [sic], so we have stepped in to appeal the decision" (emphasis added). Prospective concern falls far short of the standard of "concrete and particularized and ... actual or imminent" harm set forth in *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. Consequently, the League did not present evidence of injury in fact.

Moreover, the League does not allege injuries traceable to the challenged action of Beaufort Realty. Mere filing of plats in itself does not work any injury on the League's members or the public at large. Therefore, the filing of the plats and the alleged harm to League members are not causally connected.

Therefore, we hold the League does not have standing under the three-pronged *Lujan* test or under Rule 201, SCACR, since neither it nor its members are aggrieved parties who have suffered injury in fact. Accordingly, we affirm.

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.