THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
H2O Leasing, LTD., a Delaware Corporation,       
Plaintiff,
 
 
 

v.

 
 
 
H2O Parasail, Inc., Brooke McCullough, Island Water Sports of Hilton 
 Head, Inc., and Richard T. Sonberg, Defendants and Third-party Plaintiffs,       
Respondents,
 
 
 

v.

 
 
 
Breakwater Adventures At The Landings, Inc. and Michael
Klingensmith, 
 Third-Party Defendants,        Appellants.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2003-UP-171
Submitted January 10, 2003  Filed March 
 4, 2003 

AFFIRMED

 
 
 
Gregg E. Meyers, of Charleston; for Appellants
Terry A. Finger, of Hilton Head 
 Island; for Respondents.
 
 
 

PER CURIAM:  Appellants appeal the trial 
 courts denial of their motions for relief from default judgment pursuant to 
 Rule 60(b) and Rule 55(c), SCRCP.  We affirm 
 [1] pursuant to Rule 220(c), SCACR, and the following authorities:  Thompson 
 v. Hammond, 299 S.C. 116, 119, 382 S.C. 900, 903 (1989) (stating the trial 
 courts decision under Rule 60(b) constitutes an abuse of discretion where it 
 is controlled by an error of law or is without evidentiary support); Beaufort 
 Realty Co. v. Beaufort County, 346 S.C. 298, 302, 551 S.E.2d 588, 590 (Ct. 
 App. 2001) (stating arguments of counsel are not evidence and a court may not 
 consider statements of fact appearing only in the arguments of counsel); Saro 
 v. Ocean Holiday Pship, 314 S.C. 116, 124, 441 S.E.2d 835, 840 (Ct. App. 
 1994) ([M]otions for relief under Rule 60(b) are addressed to the discretion 
 of the court and appellate review is limited to determining whether the trial 
 court abused its discretion.); Bowers v. Bowers, 304 S.C. 65, 67, 403 
 S.E.2d 127, 129 (Ct. App. 1991) (stating the party seeking relief has the burden 
 to produce evidence proving the facts essential to entitle them to such relief); 
 Ricks v. Weinrauch, 293 S.C. 372, 374, 360 S.E.2d 535, 536 (Ct. App. 
 1987) (stating the standard for granting relief from a default judgment under 
 Rule 60(b) is more rigorous than the standard for vacating the entry of default, 
 which only requires good cause to be shown).
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.