THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James W. Smiley, Appellant,
v.
S.C. Department of Health and Environmental Control, Office of Ocean and Coastal Resource Management and Wild Dunes Community Association,
Respondents.
 
 
 

Appeal From Charleston County
 A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2005-UP-160   
Heard February 9, 2005  Filed March 7, 2005 

AFFIRMED

 
 
 
Amy Elizabeth Armstrong and James S. Chandler, Jr., both of Pawleys Island, for Appellant.
Kenneth Krawcheck and Leslie West Stidham, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  James Smiley appeals from the circuit courts judicial review of the Coastal Zone Management Appellate Panel, which affirmed the Appellate Panel, finding that Smiley lacked standing to appeal a permit issued by the South Carolina Department of Health and Environmental Control, Office of Ocean and Coastal Resource Management (DHEC/OCRM).  We affirm.
FACTS
 In February 2001, DHEC/OCRM issued a critical area permit authorizing the Wild Dunes Community Association to excavate 25,000 cubic yards of sand each month from the intertidal beach of Isle of Palms and to transport it to private property owned by Wild Dunes.  The permit provided that the depth of the excavation would not exceed 18 inches and imposed other special conditions.
 Smiley lives on the Isle of Palms and has been actively involved in the conservation and protection of the beach and dune system on the island.  Also, Smiley uses the beach for recreational and rehabilitative purposes.  Smiley sought to have the Administrative Law Judge set aside the permit because he alleged the excavation would interfere with his use of the beach.  
 Before the hearing on the merits, DHEC/OCRM filed a motion to dismiss for lack of standing, asserting Smiley could not demonstrate the requisite injury.  The Administrative Law Judge determined Smiley lacked standing and dismissed the case.  The Coastal Zone Management Appellate Panel affirmed the dismissal and the circuit court affirmed the administrative rulings.  This appeal followed.
STANDARD OF
REVIEW
 In reviewing the final decision of an administrative agency, the circuit court essentially sits as an appellate court to review alleged errors committed by the agency.  Brown v. South Carolina Dept of Health and Envtl. Control, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002).  Our scope of review is the same as that established for the circuit court.  Id. at 512, 560 S.E.2d at 413.
 We must affirm if the decision of the agency is supported by substantial evidence, and we may not substitute our judgment for that of the agency upon questions as to which there is room for a difference of intelligent opinion.  Byerly Hosp. v. South Carolina State Health & Human Serv. Fin. Commn, 319 S.C. 225, 229, 460 S.E.2d 383, 385-86 (1995).  Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached.  Rodney v. Michelin Tire Corp., 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996).
 LAW/ANALYSIS
 I.      Standing

Smiley argues the
circuit court erred in finding he lacked standing to contest the permit issued
to Wild Dunes.We disagree.
 

 To have standing, a plaintiff must satisfy a three-part test consisting of the following elements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) a favorable decision must be likely to redress the injury.  Sea Pines Assn for Prot. of Wildlife, Inc. v. South Carolina Dept. of Natural Res., 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001).  The injury in fact must be concrete and particularized, as well as actual or imminent.  Id.  The imminent prejudice must be of a personal nature to the party laying claim to standing and not merely of general interest common to all members of the public.  Citizens for Lee County, Inc. v. Lee County, 308 S.C. 23, 29, 416 S.E.2d 641, 645 (1992).  A plaintiff must allege facts that demonstrate how he or she personally will be prevented from enjoying the land or wildlife in question to have standing to maintain an action.  Sea Pines, 345 S.C. at 602, 550 S.E.2d at 292.  A mere interest in a problem, rather than a real injury, does not give rise to standing.  Beaufort Realty Co. v. Beaufort County, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (Ct. App. 2001).
 This case focuses on the first element of the three-part testthe injury in fact.  Although Smiley alleges the excavation will harm his use and enjoyment of the beach, he has failed to demonstrate the injury is actual or imminent because the permit simply authorizes the excavation, which has not occurred. 
 
 In Beaufort Realty, 346 S.C. at 302, 551 S.E.2d at 590, we held the filing of plats was not an actionable injury because the injury had not yet occurred and was purely conjectural and hypothetical.  Cf. Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 156 (4th Cir. 2000) (finding standing when the plaintiffs had already suffered damage); Am. Canoe Assn v. Murphy Farms, Inc., 326 F.3d 505, 520 (4th Cir. 2003) (finding standing where the particularized injury had already occurred).  
 Furthermore, Smiley has failed to demonstrate how the proposed project will prevent his enjoyment of the beach.  The permit allows for only a limited removal of sand on a portion of the beach.  Thus, if the excavation occurs, Smileys use and enjoyment of the beach will only be temporarily altered.  His injury, at best, will be a temporary detour in his jogging route and does not compare to the permanent injury in South Carolina Wildlife Fedn v. South Carolina Coastal Council, 296 S.C. 187, 190, 371 S.E.2d 521, 523 (1988), where the plaintiffs were found to have standing because the parties alleged the decision of the Coastal Council would permanently change the fish and wildlife resources in the wetlands.  However, even a permanent injury does not assure a plaintiff will have standing.  In Sea Pines, the complained-of activity would permanently destroy wildlife, yet our Supreme Court found the plaintiffs lacked standing.  Certainly, if the permanent injury in Sea Pines did not warrant standing, Smileys temporary inconvenience does not give rise to standing.
 Smiley also seems to assert he has standing because he has a legally protected right that will be violated by the removal of sand.  Section 48-39-260(1) of the South Carolina Code (Supp. 2004) provides the State has a responsibility to protect, preserve, restore, and enhance the beach/dune system.  Thus, the State cannot allow activity that substantially impairs the public interest in marine life, water quality, or public access.  McQueen v. South Carolina Coastal Council, 354 S.C. 142, 149, 580 S.E.2d 116, 120 (2003).  Furthermore, the Public Trust Doctrine is based on the premise that some things are too important in society to be owned by one person and everyone has the inalienable right to breathe clean air; to drink safe water; to fish and sail, and recreate upon the high seas, territorial seas and navigable waters; as well as to land on the seashores and riverbanks.  Sierra Club v. Kiawah Resort Assoc., 318 S.C. 119, 127-28, 456 S.E.2d 397, 402 (1995).    However, Section 48-39-260(4) and (5) of the South Carolina Code (Supp. 2004) also provides the State policy is to encourage the use of erosion-inhabiting techniques which do not adversely impact the long-term well-being of the beach/dune system and promote carefully planned nourishment as a means of beach preservation and restoration where economically feasible.  The excavation of sand does not substantially impair the public interest and is within the States policy of preserving and restoring its beaches, thus Smiley has failed to demonstrate how the permit would violate these protections. 
 II.        Administrative Law Judge
 Smiley argues the preceding tribunals applied the incorrect standard in deciding the motion to dismiss.[1]  Smiley asserts the ALJ should have viewed the facts and inferences in a light most favorable to him; however, the Administrative Procedures Act determines the standard the ALJ is to apply to this case.  In a contested case, a hearing before the ALJ is in the nature of a de novo hearing as mandated by the Administrative Procedures Act.  Reliance Ins. Co. v. Smith, 327 S.C. 528, 534, 489 S.E.2d 674, 677 (Ct. App. 1997).  Cf.  Al-Shabazz v. State, 338 S.C. 354, 376-77, 527 S.E.2d 742, 754 (2000) (finding the ALJ sits in an appellate capacity to review non-collateral or administrative final decisions).  Following the mandates of the APA, the ALJ did not commit reversible error in the standard applied to the facts of the case.
 Smiley also contends the ALJ did not properly address the merits of his appeal.  Smiley suggests the ALJ mischaracterized the project and determined it would benefit him, and, thus, decided he lacked standing.  However, Smiley misconstrues the ALJs analysis, which explained Smileys aesthetic concerns about a temporary interference did not present evidence of a concrete or particularized injury.
 AFFIRMED. 
ANDERSON, BEATTY, SHORT, JJ., concur. 

[1] Smileys arguments are limited to a discussion of the ALJ, thus we limit our analysis accordingly.