634 S.E.2d 664

**COMMANDER HEALTH CARE FACILITIES, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and Heritage Home of Florence, Respondents.**

**No. 4146.**

Court of Appeals of South Carolina.

Heard Sept. 12, 2005.

Decided Aug. 7, 2006.

---

Wm. Howell Morrison and Phyllis W. Ewing, both of Charleston, for Appellant.

Cheryl Harris Bullard and Matthew Summers Penn, both of Columbia and Karl A. Folkens and Philip B. Atkinson, both of Florence, for Respondents.

### ORDER GRANTING PETITION FOR REHEARING AND DISPENSING WITH ORAL ARGUMENT

After careful consideration of the petition for rehearing, the court finds basis for granting the rehearing, but dispenses with oral argument on the rehearing. Accordingly, the petition for rehearing is granted, and the attached opinion is filed in the case.

Kaye G. Hearn, C.J.

Donald W. Beatty, J.

Paul E. Short, Jr., J.

HEARN, C.J.

In this declaratory judgment action, Commander Health Care Facilities, Inc. appeals the circuit court's grant of summary judgment in favor of the South Carolina Department of Health and Environmental Control and Heritage Home of Florence. We affirm.

## FACTS

Commander Health Care Facilities and Heritage Home of Florence both operate nursing home facilities in Florence County. In 1997, Heritage Home applied for and was granted a certificate of need (CON) by the South Carolina Department of Health and Environmental Control (DHEC) for the replacement of forty-four Medicaid beds with forty-four residential care beds. In May 1998, Heritage Home applied for another CON for the addition of sixty new nursing home beds to be dedicated to serving Medicaid patients.

In June 1998, the South Carolina legislature passed the 1998 Appropriation Bill, including Proviso 9.35 which appropriated funds for Medicaid patient days for the 1998–1999 fiscal year. Proviso 9.35 provided:

The Department will allocate additional Medicaid patient days authorized above the previous fiscal year's level as provided in Proviso 9.18 based on a percentage of the additional requested Medicaid patient days and a percentage of the need indicated by the community long term care waiting list. Notwithstanding any other provision of law, of the additional patient days authorized above the previous year's level as provided in Proviso 9.18 the Department may approve in priority order (1) additional Medicaid nursing home patient days to those nursing homes currently holding a Medicaid nursing home permit; (2) Medicaid nursing home patient days to those nursing homes that are currently licensed, but do not participate in the Medicaid program; and (3) Medicaid nursing home patient days to those nursing homes that have been approved under the Certificate of Need Program and are under construction with a valid contract.

Act No. 0419, 1998 S.C. Acts, Proviso 9.35. This bill, which became effective on July 1, 1998, authorized a substantial

number of additional Medicaid patient days and set forth provisions for granting permits for the additional Medicaid days "notwithstanding any other provision of law." At the time this bill passed, Heritage Home had already requested approval of additional Medicaid beds through the May CON.

In September 1998, Senator Hugh Leatherman of Florence requested an interpretation of Proviso 9.35 from DHEC Commissioner Douglas E. Bryant. After researching the legislative intent of the proviso, Commissioner Bryant responded to Senator Leatherman by letter opining the Proviso applied to currently licensed beds plus those nursing home beds issued under a 1998 certificate of need. Commissioner Bryant also stated that Proviso 9.35 would allow for the expansion of Medicaid beds without requiring a CON because the "legislative intent was to maximize the number of beds available."

On October 5, 1998, DHEC authorized Heritage Home to license forty-four additional Medicaid beds under Proviso 9.35 and withdrew Heritage Home's pending May 1998 CON. DHEC never issued a CON for the new Medicaid beds; the only approval was pursuant to Proviso 9.35. Commander never applied for any of the additional Medicaid beds under Proviso 9.35, nor did DHEC deny Commander approval for additional beds under the proviso.

In June 2000, Commander filed a declaratory judgment action seeking to overturn DHEC's approval of additional new Medicaid beds for Heritage Home. Commander also sought a declaration that DHEC's grant of permission to Heritage Home to build new Medicaid beds under Proviso 9.35 without obtaining a CON was in violation of the provisions of the South Carolina Code prohibiting special legislation. In addition, Commander sought a permanent injunction prohibiting DHEC from authorizing the construction of new Medicaid beds under Proviso 9.35 without requiring facilities to obtain a CON. Commander and Heritage Home, together with DHEC, filed cross-motions for summary judgment. Heritage Home and DHEC argued Commander lacked the standing necessary to maintain the declaratory judgment action. The circuit court agreed, and granted the motion. This appeal followed.

## LAW/ANALYSIS

Commander argues the circuit court erred in (1) finding Commander lacked standing, and (2) granting summary judgment in favor of Heritage Home and DHEC. We disagree.

### I. Standing

Commander contends the circuit court erred in finding that it suffered no injury in fact, and therefore, lacked standing to maintain the declaratory judgment action. We disagree.

As a general rule, to have standing, a litigant must have a personal stake in the subject matter of the litigation. *Glaze v. Grooms,* 324 S.C. 249, 478 S.E.2d 841 (1996). One must be a real party in interest. *Charleston County Sch. Dist. v. Charleston County Election Comm'n,* 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999). Constitutional standing requires, at a minimum, that the party bringing the action sustain a direct injury or the immediate danger a direct injury will be sustained. *Beaufort Realty Co. v. South Carolina Coastal Conservation League,* 346 S.C. 298, 302–03, 551 S.E.2d 588, 589–90 (Ct.App.2001); *see also Baird v. Charleston County,* 333 S.C. 519, 530, 511 S.E.2d 69, 75 (1999). The injury must be of a personal nature to the party bringing the action, not merely of a general nature that is common to all members of the public. *Quality Towing, Inc. v. City of Myrtle Beach,* 340 S.C. 29, 34, 530 S.E.2d 369, 371 (2000).

Our supreme court has articulated a stringent standing test. *Sea Pines Ass'n for the Prot. of Wildlife v. South Carolina Dep't of Natural Res. & Cmty. Servs. Assocs., Inc.,* 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001). A party seeking to establish standing must prove the "irreducible constitutional minimum of standing," which consists of three elements: (1) the plaintiff must have suffered an injury in fact; (2) the injury and the conduct complained of must be causally connected; and (3) it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). The party seeking to establish standing carries the burden of demonstrating each of the three elements. *Sea Pines,* 345 S.C. at 601, 550 S.E.2d at 291.

■ An "injury in fact" has been defined as "an invasion of a legally protected interest" which is "concrete and particularized" and "actual or imminent," not "conjectural or hypothetical." *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. In order for the injury to be particularized, it must affect the plaintiff in a personal and individual way. *Sea Pines*, 345 S.C. at 601, 550 S.E.2d at 291; *see also Beaufort Realty*, 346 S.C. at 301, 551 S.E.2d at 589 (finding one must suffer an actual injury in fact, not a concern of future harm, in order to satisfy the *Lujan* test).

■ Commander argues that because the forty-four Medicaid beds issued to Heritage Home are permanently removed from the pool of available beds in Florence County, it will be unable to add additional Medicaid beds to its facility in the future. However, a "prospective concern of future harm" is not sufficient to satisfy the *Lujan* test. *See Sea Pines*, 345 S.C. at 602, 550 S.E.2d at 291. The mere likelihood that if Commander applies for new beds it will not receive them due to DHEC's action in awarding Heritage Home beds under Proviso 9.35, is too tenuous to maintain standing. *See Beaufort Realty*, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (holding constitutional standing requires, at a minimum, a direct injury or the immediate danger a direct injury will be sustained.). Accordingly, Commander must prove that it is injured by the issuance of the forty-four new Medicaid beds to Heritage Home under Proviso 9.35.

■ Commander submitted no evidence to the circuit court establishing any harm it suffered as a result of DHEC's issuance of Medicaid beds to Heritage Home under Proviso 9.35. It failed to put forth any evidence that it applied for and was denied Medicaid beds contemporaneous with or since Heritage Home was awarded beds under the Proviso and has not asserted that it has any particular plans to apply for beds in the future.[1] *See Sea Pines*, 345 S.C. at 601, 550 S.E.2d at 291 ("The party seeking to establish standing carries the burden of demonstrating each of the three element."). Fur-

---

1. We are cognizant of the fact that Commander could not have anticipated DHEC's interpretation of Proviso 9.35 would allow it to apply for Medicaid beds without participating in the formal CON process. However, Commander could have applied for beds under the CON process.

thermore, Commander never applied for additional Medicaid beds under the CON process, and as a result, cannot adduce evidence that it lost Medicaid beds because of the issuance of Medicaid beds to Heritage Home under the Proviso. Additionally, no affidavit or deposition testimony was offered to establish a loss of competitive advantage or unequal treatment under Proviso 9.35. In fact, the Joint Annual Report of Nursing Care Facilities demonstrates the occupancy rate for Commander's licensed beds has remained constant from 1997 through 2001 at approximately ninety-nine percent. Commander's allegations that it may lose the opportunity for additional Medicaid beds in the future as a result of Heritage Home receiving forty-four new Medicaid beds are based purely upon conjecture. Therefore, Commander failed to carry its burden of proving it suffered an injury in fact. Accordingly, Commander cannot satisfy the *Lujan* standing requirements.[2]

## II. Summary Judgment

Commander argues the circuit court erred in granting summary judgment in favor of Heritage Home and DHEC. Specifically, Commander contends the circuit court erred in adopting DHEC's interpretation of Proviso 9.35 that the term "Medicaid patient days" as used in the proviso is synonymous

---

2. We also reject Commander's argument on rehearing that it has standing pursuant to principles governing taxpayer standing. Commander never advanced the argument of taxpayer standing to the circuit court or in its brief. It is a well-settled principle of appellate advocacy that "[t]he losing party must first try to convince the lower court it is has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred." *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 421, 526 S.E.2d 716, 724 (2000). "This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments." *Id.; see also Collins Entertainment Corp. v. Coats and Coats Rental Amusement*, 368 S.C. 410, 418, 629 S.E.2d 635, 640 (2006); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *State v. Cutro*, 332 S.C. 100, 107, 504 S.E.2d 324, 327 (1998) (holding an issue which is procedurally barred should not be raised sua sponte by an appellate court); Rule 220(c), SCACR ("The appellate court may *affirm* any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal.") (emphasis added).

with the term "Medicaid patient beds" as used in the CON program. Because we hold Commander lacked the standing necessary to maintain this action, we decline to address this argument. *See Whiteside v. Cherokee County School Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (holding an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).

## CONCLUSION

Because Commander lacked the standing necessary to maintain its action against Heritage Home and DHEC, the decision of the circuit court is hereby

**AFFIRMED.**

BEATTY and SHORT, JJ., concur.