649 S.E.2d 31

**James W. SMILEY, Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Office of Ocean and Coastal Resource Management, and Wild Dunes Community Association, Respondents.**

No. 26365.

Supreme Court of South Carolina.

Heard April 5, 2007.

Decided July 30, 2007.

---

4. The record reveals that petitioner was one of several family members who had permission to use the Jeep.

James S. Chandler, Jr., and Amy E. Armstrong, both of Pawleys Island, for Petitioner.

Carlisle Roberts, Jr., of Columbia, and Evander Whitehead, of. Charleston, for Respondent SC Department of Health and Environmental Control and Kenneth C. Krawcheck, of Krawcheck & Davidson, of Charleston, for Respondent Wild Dunes Community Association.

Justice PLEICONES.

We granted certiorari to review a Court of Appeals' decision upholding a finding that petitioner (Smiley) lacked standing to challenge a permit issued by respondent DHEC's Office of Ocean and Coastal Resource Management (OCRM) to respondent Wild Dunes.[1] *Smiley v. S.C. Dep't of Health and Envt'l Control,* Op. No.2005–UP–160 (S.C. Ct.App. filed March 7, 2005). We reverse and remand the matter to the Administrative Law Court Division (ALCD).

### *FACTS*

OCRM issued a permit allowing Wild Dunes to periodically excavate sand from the public intertidal beach at the Isle of Palms, if and when erosion occurs, and to transport the sand to Wild Dunes' private property. This "beach sand scraping" permit allows Wild Dunes to remove up to 25,000 cubic yards each month from November through April for five years, with the possibility of five-year extensions. The permit limits the depth of scraping to 18 inches: according to calculations in the record, if the maximum amount of sand were extracted, it would affect over ten acres of beach per month. Put another way, if the intertidal beach is assumed to be 300 feet wide, then a "full monthly scraping" would extend over a space more than 1,400 feet long by 300 feet wide, to a depth of 1 ½ feet.

Following the issuance of the Wild Dunes permit, Smiley requested a contested case hearing before an administrative law judge (ALJ), relying upon S.C.Code Ann. § 48–39–150 and

---

1. Wild Dunes and OCRM have filed a joint brief in this matter. We will refer to the respondents as OCRM in the opinion.

23A S.C.Code Ann. Regs. 30–6(A). At that time, § 48–39–150 provided: [2]

> Any person adversely affected by the [OCRM's] staff's initial permitting application decision has the right to file a request for a contested case hearing before an administrative law judge.

OCRM filed a motion to dismiss alleging Smiley lacked standing. The ALJ granted the motion, and her ruling was upheld by the Coastal Zone Management Appellate Panel, the circuit court, and the Court of Appeals.

## ISSUE

Whether the Court of Appeals erred in concluding Smiley lacked standing to contest the Wild Dunes permit?

## ANALYSIS

██  The "irreducible constitutional minimum of standing" has three components:

> First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

> *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal citations omitted) (*Lujan*); *Sea Pines Ass'n for the Protection of Wildlife, Inc. v. S.C. Dep't of Natural Resources*, 345 S.C. 594, 550 S.E.2d 287 (2001) (*Sea Pines*).

The ALJ's conclusion, affirmed by the appellate tribunals, that Smiley lacks standing to maintain this action is predicated

---

**2.** The statutory scheme was substantially altered in 2006 to conform to the new ALJ/Court of Appeals appellate review scheme. *See* 2006 Act No. 387.

upon a finding that he cannot meet the first *Lujan/Sea Pines* element: that he "has suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan, supra; Sea Pines, supra.* In this setting, "particularized" means Smiley must be affected in a personal and individualized way by the permitting decision. *Id.*

Smiley alleged the following facts by affidavit to meet his burden of demonstrating standing:

> I am partially disabled with paralysis of muscles in both legs as a result of a spinal cord injury in 1979. After my release from the hospital in late 1979, I began a course of rehabilitation which continues today and involves jogging on the flat hard public beach on the Isle of Palms. I use the beach in area[s] where sand will be excavated and which is the subject of this proceeding on an almost daily basis. My uses of this beach are for recreation and rehabilitation, including walking, jogging, nature-watching and similar pursuits. Additionally, as an ardent conservationist, responsible citizen and professional biologist, I feel a duty to do my part in preserving and protecting [the] beach/dune system of the Isle of Palms.
>
> The intrusion of heavy equipment into the public beach and the consequent excavation of sand from the intertidal zone will make it impossible to jog on the beach in the affected area and it will reduce my enjoyment of the beach. FrontEnd [sic] Loaders excavating sand from the beach and bulldozers pushing the sand up onto private property all have a detrimental effect on my aesthetic, conservational and recreational interest and values and will reduce or make impossible my ability to use the beach.

1. "Actual or imminent"

■ The Court of Appeals held that Smiley failed to meet the requirement that the injury be actual or imminent because while the permit has been issued, no sand has yet been scraped. The court cited its decision in *Beaufort Realty Co. v. Beaufort County,* 346 S.C. 298, 551 S.E.2d 588 (Ct.App.2001) (*Beaufort Realty* ) as authority for the holding that until the

permit was acted upon, Smiley lacked standing. Smiley contends *Beaufort Realty* was misapplied. We agree.

In *Beaufort Realty,* the zoning administrator examined plats filed by Beaufort Realty, and determined that by virtue of the size of the lots and the ingress/egress requirements outlined in the plats, the properties were exempt from a subdivision ordinance. The Court of Appeals held that the conservation group challenging the zoning administrator's decision to exempt the properties lacked standing as it alleged no injury as a result of the exemption, but instead merely alleged its members would suffer injuries if the properties were someday developed. The conservation group lacked standing as the alleged harm was neither "actual nor imminent," it was merely "hypothetical or conjectural." In addition to finding the conservation group could not meet the first *Lujan/Sea Pines* prong, the *Beaufort Realty* court held the conservation group could not meet the second standing requirement since there was no causal connection between the mere filing of the plats and the alleged potential future harm. *Beaufort Realty* at 306, 551 S.E.2d at 590.

Smiley argues, and we agree, that to read *Beaufort Realty* as denying standing to an individual unless and until the "injury" has been inflicted ignores the "actual or imminent" requirement of *Lujan/Sea Pines* and elevates dicta in *Beaufort Realty* over its two holdings: that the environmental group was asserting speculative concerns rather than injury, and had failed to demonstrate a causal connection. *See e.g. Commander Health Care Facilities, Inc. v. DHEC,* 370 S.C. 296, 634 S.E.2d 664 (Ct.App.2006) (characterizing *Beaufort Realty* as requiring either a direct injury or the immediate danger of direct injury). We hold that Smiley has adequately demonstrated that his injury is "actual and imminent" for purposes of standing. The Court of Appeals' holding that his challenge to the Wild Dunes permit is premature is reversed.

B. "Injury in fact"

In a rather confusing paragraph, the Court of Appeals first states that "Smiley has failed to demonstrate how the proposed project will prevent his enjoyment of the beach," apparently a finding Smiley has failed to allege "a concrete

and particularized invasion" of a legally protected interest. The averments in Smiley's affidavit that he recreates and views nature on the beach on an almost daily basis is a sufficient allegation of a "concrete and particularized invasion." As the United States Supreme Court held:

"Injury in fact" reflects the statutory requirement that a person be "adversely affected" or "aggrieved," and it serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem. We have allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a fraction of a vote, ... a $5 fine and costs, ... and a $1.50 poll tax.... [W]e see no reason to adopt a more restrictive interpretation of "adversely affected" or "aggrieved."

U.S. v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973) (SCRAP).

Following the statement that Smiley failed to demonstrate how his enjoyment of the beach would be affected, the Court of Appeals went on to say "Smiley's use and enjoyment will be only temporarily altered" in that "his injury, at best, will be a temporary detour in his jogging route and does not compare to the permanent injury in [citation omitted] ... However, even a permanent injury does not assure a plaintiff will have standing [citing Sea Pines ] [3] ... petitioner's temporary inconvenience does not give rise to standing." This is apparently a finding that Smiley failed to allege a sufficient "injury in fact."

We are unaware of any legal basis for the Court of Appeals' distinction of a temporary injury from a permanent injury. Moreover, OCRM presented no evidence in opposition to Smiley's affidavit. There is simply nothing in this record to

---

**3.** We note that Sea Pines did not involve a finding of permanent injury with a concomitant denial of standing. Rather, the Court held the plaintiffs presented no evidence that their interest in viewing wildlife would be diminished by the permits, and thus failed to demonstrate "any particularized harm." Sea Pines, at 606, 550 S.E.2d at 292. Moreover, the Court held that, assuming the Sea Pines plaintiffs had shown an injury, they "failed to present evidence the injury would be redressed by a favorable decision....," Id., that is, they failed to meet the third Lujan standing requirement as well as the first.

support the Court of Appeals' conclusion that any inconvenience will be merely temporary. The court is then critical of Smiley's averments of injury characterizing them as a temporary detour in his jogging route and ignoring the other "use and enjoyment" claims made in the affidavit. Interference with Smiley's enjoyment of the beach, and his inability to use it for his rehabilitative jogging for at least six months a year for at least the next five years, are sufficient allegations of a "stake in the outcome" to permit Smiley standing to challenge the permit. *SCRAP, supra.*

We reverse the Court of Appeals' holding that Smiley merely alleged "temporary inconvenience," and that his allegations are insufficient. Smiley's affidavit demonstrates that he has a direct stake in the permitting decision, and therefore he sufficiently alleges standing. *Lujan, supra; Sea Pines, supra.*

The Court of Appeals went on to discuss the Public Trust Doctrine and beach renourishment statutes, and conclude that "The excavation of sand does not substantially impair the public interest and is within the State's policy of preserving and restoring its beaches, thus [Smiley] has failed to demonstrate how the permit would violate these protections." We vacate, in its entirety, this speculative ruling on the merits of Smiley's claims, which are not germane to the standing issue.

## CONCLUSION

We reverse the Court of Appeals' decision affirming the rulings that Smiley lacked standing to challenge the Wild Dunes permit, and remand the matter to the ALCD for further proceedings.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.