**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eugene Gathers, Respondent,

v.

Ned Wright, Hattie Wright Gaston, Annie M. Wright, Edward Wright, Samuel Wright, James Wright, Earline Wright Maxwell, Wilmenia Wright, Henry Wright, Oscar Wright, Leroy Wright, Harold Wright, Charles Wright, Samuel Wright, Jr., Ernestine Wright, Henry Wright, Jr., Ernest McKnight, along with John Doe or Mary Roe, fictitious names to designate minors, infants, person of unsound mind, under disability or incompetent, persons in prison, persons in the military service within meaning of Title 50, United States Code, commonly referred to as The Soldiers and Sailors Civil Service Act of 1940, if any, and Richard Roe and Sarah Roe, fictitious names to designate the unknown heirs, devisees, distributees, issue, executors, administrators, successors or assigns of Ned Wright, Hattie Wright Gaston, Annie M. Wright, Edward Wright, Samuel Wright, James Wright, Earline Wright, Wilmenia Wright, Henry Wright, Oscar Wright, Leroy Wright, Harold Wright, Charles Wright, Samuel Wright, Jr., Ernestine Wright, and Henry Wright, Jr., also all other unknown persons claiming any right, title, estate of lien upon the real estate which is the subject of this action, Defendants,

Of whom Ernest McKnight is the Appellant.

Appellate Case No. 2012-212101

———————————

Unpublished Opinion No. 2014-UP-124
Heard October 16, 2013 – Filed March 19, 2014

**DISMISSED IN PART AND VACATED IN PART**

Willie B. Heyward, of Heirs' Property Law Center, LLC,
of Charleston, for Appellant.

Jonathan S. Altman, of Derfner, Altman & Wilborn,
LLC, of Charleston, for Respondent.

**PER CURIAM:** This appeal arises from a property dispute. On appeal, Ernest McKnight argues the trial court erred by: (1) refusing to address the specific elements of his equitable counterclaims; (2) granting fee simple title by way of summary judgment to Eugene Gathers; and (3) finding McKnight has no statutory right of first refusal. We dismiss in part and vacate in part.

1. We find McKnight has no right to challenge the trial court's summary judgment order. A consent order of dismissal was entered wherein the parties agreed to dismiss McKnight's adverse possession counterclaim against Gathers's action to quiet title. McKnight's remaining counterclaims for reimbursement of taxes and foreclosure of mortgage were expressly unaffected by the order. Gathers filed a summary judgment motion against all defendants in the lawsuit, except McKnight; thus, McKnight was not a named party to the motion. The order granting Gathers's motion did not affect McKnight's counterclaims, so McKnight is not precluded from litigating his claims to the property. Accordingly, we find McKnight was not aggrieved by the trial court's granting of fee simple title to Gathers or the trial court's failure to address McKnight's counterclaims. Therefore, we dismiss the portion of McKnight's appeal raising these issues. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Beaufort Realty Co. v. Beaufort Cnty.*, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (Ct. App. 2001) ("The word 'aggrieved' refers to a substantial grievance, a

denial of some personal or property right, or the imposition on a party of a burden or obligation."); *Burns v. Gardner*, 328 S.C. 608, 617-18, 493 S.E.2d 356, 361 (Ct. App. 1997) (dismissing the portion of an appeal involving an issue raised in which the appellants were not aggrieved parties and thus could not pursue the issue on appeal).

2. Because McKnight was not a party to the summary judgment proceeding and did not file a motion to intervene, we find his Rule 59(e), SCRCP, motion was not properly before the trial court. In *Narruhn v. Alea London Limited*, 404 S.C. 337, 341-42, 745 S.E.2d 90, 92 (2013), our supreme court determined an insurer's Rule 60(b), SCRCP, motion was not properly before the circuit court because the insurer was not a party to the order from which it sought relief. Even though *Narruhn* involves a Rule 60(b) motion and this case involves a Rule 59(e) motion, we find *Narruhn* analogous to the facts in this case. Therefore, we vacate the portion of the trial court's Rule 59(e) order finding McKnight has no statutory right of first refusal.[1]

**DISMISSED IN PART AND VACATED IN PART.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] In his appellate brief, McKnight requests leave from this court to file a Rule 60(b), SCRCP, motion with the trial court. Because McKnight was not a party to the summary judgment motion, we deny McKnight's request. *See* Rule 60(b), SCRCP ("During the pendency of an appeal, leave to make [a Rule 60(b)] motion must be obtained from the appellate court."); *Narruhn*, 404 S.C. at 341-42, 745 S.E.2d at 92 (finding an insurer's Rule 60(b), SCRCP, motion was not properly before the circuit court because the insurer was not a party to the order from which it sought relief).