**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee of the American Mortgage Investment Partners Fund I Trust, Respondent,

v.

Melissa Furmanchik; Masonborough at Park West Association, Inc. and Wells Fargo Bank, N.A., Defendants,

Of whom Melissa Furmanchik is the Appellant.

Appellate Case No. 2014-000906

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2015-UP-353
Heard June 2, 2015 – Filed July 15, 2015

---

**AFFIRMED**

---

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mount Pleasant, for Appellant.

Jason David Wyman, of Rogers Townsend & Thomas, PC, of Columbia, for Respondent.

---

**PER CURIAM:** In this foreclosure action, Melissa Furmanchik argues the master-in-equity erred by (1) granting sua sponte relief, (2) determining Selene RMOF REO Acquisition, L.L.C. (Selene) had standing to pursue foreclosure, (3) determining Selene's evidence was sufficient to establish foreclosure, and (4) awarding interest to Selene.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the master-in-equity erred by granting sua sponte relief: *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge."); *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (holding a party cannot acquiesce to an issue at trial and then complain on appeal); *Walterboro Cmty. Hosp. v. Meacher*, 392 S.C. 479, 493, 709 S.E.2d 71, 78 (Ct. App. 2011) (stating for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court, raised by the appellant, raised in a timely manner, and raised to the trial court with sufficient specificity); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e)[, SCRCP,] motion which could have been raised at trial.").

2.  As to whether the master-in-equity erred by determining Selene had standing to pursue foreclosure: Rule 17(a), SCRCP ("Every action shall be prosecuted in the name of the real party in interest."); *Smiley v. S.C. Dep't of Health & Envtl. Control*, 374 S.C. 326, 329, 649 S.E.2d 31, 32 (2007) (noting standing has three components, the first of which is the plaintiff must have suffered an injury in fact); *id.* at 329, 649 S.E.2d at 32-33 (stating the second component of standing is there must be a causal connection between the injury and the conduct complained of, so that the injury is fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court); *id.* at 329, 649 S.E.2d at 33 (noting the third component of standing is that it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision"); S.C. Code Ann. § 36-3-205(b) (Supp. 2014) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); S.C. Code Ann. § 36-3-301 (Supp. 2014) (noting the holder of an instrument is entitled to enforce the

---

[1] As indicated in the caption, we grant Selene's motion to substitute Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee of the American Mortgage Investment Partners Fund I Trust, as the respondent in this action.

instrument); *In re Woodberry*, 383 B.R. 373, 377 (Bankr. D.S.C. 2008) (acknowledging that "[p]ossession of a bearer instrument is *prima facie* evidence of ownership" under South Carolina law); *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 623, 731 S.E.2d 547, 549 (2012) ("[T]he assignment of a mortgage does not need to be recorded, and failure to do so has no effect on the rights of the assignee."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 223, 746 S.E.2d 478, 482 (Ct. App. 2013) ("A holder is a person in possession of [an] instrument drawn, issued, transferred, or indorsed to him."); *id.* ("'[T]here is a general view, which has been accepted in this jurisdiction and others, that a loan servicer is a "party in interest" and has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage.'" (quoting *In re Neals*, 459 B.R. 612, 617 (Bankr. D.S.C. 2011))); S.C. Code Ann. § 36-3-204(a) (Supp. 2014) ("For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."); *Cannon v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 371 S.C. 581, 584, 641 S.E.2d 429, 430 (2007) ("It is presumed the Legislature, in adopting an amendment to a statute, intended to make some change in the existing law."); *Aristizabal v. I. J. Woodside-Div. of Dan River, Inc.*, 268 S.C. 366, 370, 234 S.E.2d 21, 23 (1977) (stating that when the legislature removed the word "written" from the notice requirement of section 72-301, oral or actual notice were thereafter sufficient); 2008 S.C. Acts 204, § 2 (amending the statutory language pertaining to indorsements by removing the requirement that a paper be "firmly affixed" in order to become an extension of the instrument and instead requiring a paper to merely be "affixed").

3.  As to whether the master-in-equity erred by determining Selene's evidence was sufficient to establish foreclosure: Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."); Rule 803(6), SCRE (setting forth the business records exception to the hearsay rule); *State v. Rice*, 375 S.C. 302, 330-31, 652 S.E.2d 409, 423 (Ct. App. 2007) (noting the business records exception in Rule 803(6) is "[p]atterned after the South Carolina Act and the Federal Rules"), *overruled on other grounds by State v. Byers*, 392 S.C. 438, 710 S.E.2d 55 (2011); *Midfirst Bank, SSB v. C.W. Haynes & Co.*, 893 F. Supp. 1304, 1310 (D.S.C. 1994) (holding exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, so long as the other requirements of Rule 803(6) of the Federal Rules of Civil Procedure are met and the circumstances indicate the records are trustworthy), *aff'd*, 87 F.3d 1308 (4th Cir. 1996); *id.* at 1311 ("Rule 803(6) does not require the testifying witness to have personally participated in the creation of the document or to know who

actually recorded the information."); *id.* ("Documents may properly be admitted under this Rule as business records even though they are the records of a business entity other than one of the parties, and even though the foundation for their receipt is laid by a witness who is not an employee of the entity that owns and prepared them." (internal quotation marks omitted)); *id.* ("Rule 803(6) does not require the documents be prepared by the testifying business."); *id.* ("[T]he business records exception should be liberally construed to avoid the former archaic practice of requiring authentication by the preparer of the record."); *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 642, 518 S.E.2d 44, 48 (Ct. App. 1999) (finding a witness's testimony was admissible under the business records exception when the witness testified about records that were part of the file she maintained in her employer's regular course of business); *id.* (noting that while the witness's testimony merely conveyed information from a person "with knowledge" at the time the records were created, such a situation was expressly allowed under Rule 803(6)); *Herron*, 395 S.C. at 465, 719 S.E.2d at 642 ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n objection must be sufficiently specific to inform the trial court of the point being urged by the objector.").

4.  As to whether the master-in-equity erred by awarding interest to Selene: *Rhodus v. Goins*, 129 S.C. 40, 41, 123 S.E. 645, 645-46 (1924) ("A note is a written instrument, and in computing the amount due thereon in principal and interest the computation must be made in accordance with the terms of said note.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**