**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ex Parte: Johnnie Cordero, Appellant,

In Re: Fnu Satish Kumar d/b/a Piney Xpress, Petitioner,

v.

South Carolina Department of Revenue, Respondent.

Appellate Case No. 2016-000593

———————

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

———————

Unpublished Opinion No. 2017-UP-222
Submitted March 1, 2017 – Filed May 24, 2017

———————

**AFFIRMED**

———————

Johnnie Cordero, of Columbia, Pro Se.

Milton Gary Kimpson and Sean Gordon Ryan, both of
the South Carolina Department of Revenue, of Columbia,
for Respondent.

———————

**PER CURIAM:** Johnnie Cordero appeals the Administrative Law Court's (ALC) order requiring the South Carolina Department of Revenue to issue a seven day off-premises beer and wine permit to Fnu Satish Kumar and denying Cordero's

motion to intervene. Cordero contends the ALC should not have considered Kumar's application for an off-premises beer and wine permit because Kumar originally filed for an on-premises permit. Cordero also argues the ALC abused its discretion in denying his motion to intervene. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in considering Kumar's application for an off-premises beer and wine permit: *Smiley v. S.C. Dep't of Health and Envtl. Control*, 374 S.C. 326, 329, 649 S.E.2d 31, 32-33 (2007) (holding in order to establish standing, "[f]irst, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest [that] is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical'[;] [s]econd, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court[;]' [t]hird, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992))); *Sea Pines Ass'n for the Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001) ("The party seeking to establish standing carries the burden of demonstrating each of the three elements."); Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal.").

2. As to whether the ALC erred in denying Cordero's motion to intervene: *Sanders v. S.C. Dep't. of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Envtl. Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("In determining whether the ALC's decision was supported by substantial evidence, the [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC."); *S.C. Tax Comm'n v. Union Cty. Treasurer*, 295 S.C. 257, 260, 368 S.E.2d 72, 74 (Ct. App. 1988) (holding the standard of review for a motion to intervene is whether the court abused its discretion in denying the motion); SCALC Rule 20(c) ("The motion for leave to intervene shall be filed as early in the proceedings as possible to avoid adverse impact on the existing parties or the disposition of the proceedings. Unless otherwise ordered by the [ALC], the motion to intervene shall be filed at least twenty . . . days before the hearing. Any later motion shall contain a statement of good cause for the failure to intervene earlier.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.