18197

Charles VERNON, Respondent, v. HARLEYSVILLE MUTUAL CASUALTY COMPANY, Respondent, and American Security Insurance Company, Appellant.

(135 S. E. (2d) 841)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Defendant-Respondent,* and *Sol E. Abrams,* of Greenville, *for Plaintiff-Respondent,*

April 14, 1964.

Moss, Justice.

This action is one under the "Uniform Declaratory Judgments Act", Section 10-2001 *et seq.*, 1962 Code of Laws. It is brought by Charles Vernon, a respondent herein, against Harleysville Mutual Casualty Company, a respondent herein, and American Security Insurance Company, appellant herein, seeking a declaratory judgment to determine which of the two insurance companies, or if both, are primarily responsible for a judgment obtained by him against an uninsured motorist.

Charles Vernon, a used car dealer, was the owner of a 1960 Plymouth automobile. On July 11, 1962, one Thomas D. Johnson went to the place of business of Vernon to purchase an automobile. Vernon delivered to Johnson the aforesaid Plymouth automobile and permitted him to test drive the same with a view to purchasing it. While Johnson was operating this automobile he was in collision with an automobile operated by one William Morgan, an uninsured motorist, resulting in damage to said Plymouth automobile. Vernon brought suit against Johnson and Morgan for damages to the Plymouth automobile and obtained a judgment against the said Morgan for $1,543.00 actual damages. It is agreed that the Plymouth automobile was damaged through the negligence of the uninsured motorist and that Johnson was not negligent in any respect in the operation of the Plymouth automobile.

Harleysville had issued a liability policy to Vernon containing an uninsured motorist endorsement, with a $200.00 deductible provision with respect to property damage, by which it agreed:

"To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of:

"(b) injury to or destruction of (1) an automobile * * * owned by the named insured * * *"

It is further provided in said policy that:

"With respect to property damage, the insurance afforded under this endorsement shall be excess insurance over any other valid and collectible insurance against such property damage."

American had issued a collision insurance policy to Thomas D. Johnson and agreed with its insured:

"To pay for loss caused by collision to the owned automobile or to a non-owned automobile. * * *"

It was further provided in said policy, under the "other insurance" provision, that as to a non-owned automobile the coverage provided by said policy "shall be excess insurance over any other valid and collectible insurance." The policy defines a "non-owned automobile" as a private passenger automobile not owned or furnished for the regular use of either the named insured or any relative of said insured.

It is the position of Harleysville that the insurance provided by American is "other valid and collectible insurance against the property damage for which claim has been made by" Vernon and that Harleysville's policy is excess insurance to that provided in the American policy. American contends that its policy does not provide coverage to Vernon nor is there any contractual obligation between the parties and the uninsured motorist law is not applicable to its policy. It further contends that if coverage is afforded, it is excess to that provided by Harleysville.

This case came on for trial before the Honorable James H. Price, Jr., Judge of the Greenville County Court and, by agreement, was tried without a jury. The Trial Judge held that American was primarily liable for the payment of the judgment secured by Vernon against the uninsured motorist. We quote from his order the following:

"I, therefore, find that American Security Insurance Company insured the automobile in question and is primarily liable for the judgment of the plaintiff in the amount of $1,543.00 less the deductible of $50.00. I further hold that Harleysville Mutual Casualty Company also afforded coverage to the plaintiff which was excess coverage. If for any reason it should be determined that American Security Insurance Company was not primarily liable, then such primary responsibility becomes that of Harleysville less, however, the $200.00 deductible."

American has appealed from the aforesaid order and asserts that its policy does not provide coverage to the respondent.

The liability policy issued to Vernon by Harleysville included an uninsured motorist endorsement as was mandatorily required by the Uninsured Motorist Act, Section 46-750.14, 1962 Code of Laws. The Uninsured Motorist Act came into being by legislative enactment as a result of public concern over the increasingly important problem arising from injuries and damage inflicted by motorists who are uninsured and financially irresponsible. Its purpose was to provide financial recompense to innocent persons who receive bodily injury, property damage and to the dependents of those who lose their lives through the wrongful conduct of uninsured motorists. The Act provided that the endorsement shall contain a provision requiring the insurer to pay to the insured "all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," not exceeding $5,000.00 coverage for injury to or destruction of the property of the insured, but authorizing an exclusion of the first $200.00 of such loss or damage.

The uninsured endorsement upon the policy issued by Harleysville undertook to exclude damage to property covered by other insurance. In the case of *Rhame v. Nat'l. Grange Mut. Ins. Co.*, 238 S. C. 539, 121 S. E. (2d) 94, we held that insurers may limit their liability and impose whatever conditions they please upon their obligations, provided such conditions are not in contravention of some statutory inhibition or public policy. To permit Harleysville, under the uninsured motorist endorsement, to exclude coverage where there is "other insurance" would be a limitation upon the statutory coverage required by Section 46-750.14 of the Code. It appears that under Section 46-750.14 of the Code, the uninsured motorist endorsement could exclude the first $200.00 of property damage or loss, and under Section 46-750.21 of the Code, certain other exclusions are permitted. However, on the date Vernon sustained his loss, which was July 11, 1962, there was no provision in the Uninsured Motorist Act authorizing the exclusion of damage to property covered by other insurance. The Act permitting such an exclusion was enacted on June 14, 1963, and is now Section 46-750.11(8) of the supplement to the 1962 Code.

Where the terms of statutes are positive and unambiguous, exceptions not made by the Legislature cannot be read into the Act by implication. 82 C. J. S. Statutes § 382(b), page 891. Where there is an express exception in a statute, all other exceptions which are not expressly set forth are excluded. The inclusion of one exception amounts to an affirmation of the applicability of the statute's provision to all other cases which are not excepted. 82 C. J. S. Statutes § 382(c), page 894. It will be presumed that the Legislature in adopting an amendment to a statute intended to make some change in the existing law. 82 C. J. S. Statutes § 384b(2), page 904. In our opinion, the amendment to the Uninsured Motorist Act, which permits insurance carriers to exclude from their coverage property damage covered by other insurance, is

a tacit declaration by the Legislature that such damage could not be excluded under the previous Act. The aforesaid amendment demonstrates the ineffectiveness of the attempt made by Harleysville to exclude damage to property covered by other insurance.

If we construe the complaint in this action as seeking a declaration that the collision carrier is responsible for the damage to Vernon's automobile, rather than for the judgment recovered by the owner against the uninsured motorist, we come to consider the meaning of the "other insurance" provision of the collision policy. This provision is applicable only when the insured has other insurance "against a loss covered by this policy." It has been held that "other insurance" exists only where there are two or more insurance policies covering same interest, same subject matter, and against same risk. *Lucas v. Garrett,* 209 S. C. 521, 41 S. E. (2d) 212, 169 A. L. R. 660. The uninsured motorist endorsement, with which we are here concerned, does not purport to insure collision damage to a vehicle. Instead, the endorsement guarantees payment, within specified limits, of a judgment recovered against an uninsured motorist on his tort liability. Therefore, there was no "other insurance against the loss covered by" the collision policy.

It is obvious from a consideration of the contracts of the respective insurers that the policy issued by American and the one issued by Harleysville were issued to separate and distinct insureds, covering separate and distinct types of losses against separate and distinct perils.

Vernon sustained a loss specifically and distinctly covered by the contract of insurance he purchased from Harleysville. He brought an action and obtained a judgment against the uninsured motorist, in which it was determined that the negligence of the uninsured motorist caused Vernon's damage. Likewise, the amount he was "legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle" was determined.

We have held that recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. Such an action is one *ex delicto* and the liability and the amount of damages are the only issues to be determined therein. After judgment is entered against the uninsured motorist, a direct action can be brought to recover from the insurance company on its endorsement. *Laird v. Nationwide Insurance Co.*, S. C., 134 S. E. (2d) 206.

The collision policy of American contained no uninsured motorist endorsement nor did it contract to pay the amount that Vernon was legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. Thus, it is apparent that American was not liable for Vernon's judgment against the uninsured motorist. Under the facts alleged Harleysville, the liability carrier, is responsible for the payment of Vernon's judgment because of the uninsured motorist endorsement.

We conclude that the appellant is entitled to have judgment entered in its favor because it was not responsible for the payment of the judgment which Vernon secured against the uninsured motorist.

In view of the foregoing conclusions, it becomes unnecessary for us to pass upon the other questions raised by the exceptions of American.

The judgment of the lower Court is reversed and this case is remanded for entry of judgment in favor of the appellant.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.