24309

John W. KING, As Personal Representative of the Estate of Joan R. King Deceased, Respondent v. SOUTH CAROLINA RETIREMENT SYSTEMS, Appellant.

(461 S.E. (2d) 822)

Supreme Court

---

*Sr. Asst. Atty. Gen. Kenneth P. Woodington, Office of the Atty. Gen.,* Columbia, *for appellant.*

*W. Lamar Flatt,* Columbia, *for respondent.*

Heard May 3, 1995.

Decided Aug. 28, 1995.

TOAL, Justice:

This appeal arises from the trial judge's finding that the South Carolina Retirement Systems owed statutory death benefits to Joan King's personal representative. We affirm.

## FACTS

On August 21, 1992, Joan King, a clerical nurse specialist with Lexington Medical Center, went on the hospital's Short Term Disability Plan.[1] Under its Short Term Disability Plan,

---

[1] King had been diagnosed with leukemia.

Lexington Medical Center paid King a benefit equal to two thirds of her hourly rate. King also continued on the hospital's group health, dental and life insurance coverage along with dependant coverage. On November 13, 1992 and January 29, 1993, King received payments for her accrued annual leave. Retirement contributions were deducted from these lump-sum payments and required employer contributions were made.

The short-term disability program ended on February 21, 1993, at which time the hospital terminated her employment. King then went on Long Term Disability. On April 11, 1993, King died. Thereafter, the South Carolina Retirement Systems received an application for death benefits completed by Lexington Medical Center. The Retirement Systems denied the application for Pre-Retirement Death Benefit, also known as Group Life stating King had not died within ninety days of last earned service credit under S.C. Code Ann. § 9-1-1770 (Supp. 1994).

King's personal representative brought this action challenging the Retirement Systems' denial of the Pre-Retirement Death Benefit. The trial judge held King earned service credit through February 21, 1993 while on short-term disability. Additionally, King established "earned service credit" as a result of the January 29, 1993 annual leave payment. King died within ninety days of her earned service credit and, therefore, was eligible for Pre-Retirement Death Benefits of $51,043.

### LAW/ANALYSIS

The Retirement Systems argues the trial judge erred in holding King earned service credit while on short-term disability. We disagree.

Section 9-1-1770 provides for the payment of a statutory death benefit known as the Pre-Retirement Death Benefit or Group Life. The section provides that upon the death of a contributing member *in service* with at least one full year of membership in the South Carolina Retirement Systems, a death benefit equal to the member's annual earnable compensation must be paid to the member's designated beneficiary. Section 9-1-1770 states:

> a member is considered to be *in service* at the date of his death if his last day of *earned service credit* occurred not

more than ninety days before the date of his death and he has not retired. (Emphasis added.)

The term "earned service credit" is not defined in the Code.

The purposes of the state's Retirement Act are remedial and beneficent. *Knight v. Board of Trustees of Firemen's Retirement and Pension Fund*, 269 S.C. 671, 239 S.E. (2d) 720 (1977). Accordingly, the statutes should be liberally construed in favor of those to be benefited and the objects sought to be accomplished. *Id.*

While on short-term disability King had not been terminated and was maintained on the payroll. Additionally, Kay Wingate, the Benefits Coordinator at Lexington Medical Center, testified that an individual on short-term disability is still considered an employee. Moreover, on November 13, 1992 and January 29, 1993, which on short-term disability, King received accrued annual leave payments. Retirement contributions were deducted from these payments and required employer contributions were made. Based upon these facts, we hold King earned service credit while on short-term disability. *See Jost v. Equitable Life Assur. Soc'y*, 271 S.C. 492, 248 S.E. (2d) 778 (1978); *Thompson v. Pacific Mills*, 141 S.C. 303, 139 S.E. 619 (1927).

Moreover, in 1984 the legislative changed the term "active service" to determine if a member was in service at the time of death to "earned service credit." Act No. 386, 1984 S.C. Acts. 1748. By adopting the term "earned service credit," it is apparent the legislature intended to give broader coverage than just for employees engaged in actual service. *See Vernon v. Harleysville Mut. Casualty Co.*, 244 S.C. 152, 135 S.E. (2d) 841 (1964) (in adopted amendment to statute, the legislature is presumed to have intended to make some change in existing law). Accordingly, the trial judge's holding is AFFIRMED.[2]

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.

---

[2] Based on our holding, we need not address the Retirement Systems' remaining arguments.