641 S.E.2d 429

**John Hall CANNON, Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES, Respondent.**

No. 26256.

Supreme Court of South Carolina.

Heard Nov. 2, 2006.

Decided Jan. 29, 2007.

Rehearing Denied March 7, 2007.

Richard A. Harpootlian and Graham L. Newman, of Richard A. Harpootlian, P.A., of Columbia, for petitioner.

Deputy Director for Legal Services Teresa A. Knox, Assistant Chief Legal Counsel J. Benjamin Aplin, and Legal Counsel Tommy Evans, Jr., of Columbia, for respondent.

Acting Chief Justice MOORE:

Petitioner instituted a declaratory judgment action to determine whether the South Carolina Deoxyribonucleic Acid (DNA) Identification Record Database Act [1] (the Act) required him, as a condition of his parole, to submit a DNA sample to the state's database. The trial court held the Act applied to petitioner and required him to submit a sample. The court further held the Act did not violate the *ex post facto* clause. The Court of Appeals affirmed. *Cannon v. S.C. Dep't of Prob., Parole and Pardon Servs.*, 361 S.C. 425, 604 S.E.2d 709 (Ct.App.2004). We reverse.

## ISSUE

Did the Court of Appeals err by finding petitioner was required to submit a DNA sample for inclusion in the State's DNA database as a condition of his parole?

## DISCUSSION

Petitioner was convicted of murder in 1972, and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal.[2] He subsequently pled guilty to two additional counts of murder and unlawfully carrying a pistol and received concurrent life sentences. All three counts arose from the same event.

After serving over eleven years on the concurrent life sentences, petitioner was paroled on October 12, 1983. He

---

1. S.C.Code Ann. §§ 23–3–600 through 700 (Supp. 2000).

2. *State v. Cannon*, 260 S.C. 537, 197 S.E.2d 678, *cert. denied*, 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973).

was to remain on parole for the rest of his life. The conditions of his supervised release did not call for submitting any type of sample, but he was required to "carry out all instructions [his parole agent] gives."

In 1995, South Carolina enacted the Act, requiring a person "currently paroled and remaining under supervision of the State" to provide a DNA sample as a condition of parole. S.C.Code Ann. § 23–3–620(C) (Supp.1995). The Act was subsequently amended in July 2000, to require a sample from someone "convicted or adjudicated delinquent before July 1, 2000, who is serving a probated sentence or is paroled on or after July 1, 2000." S.C.Code Ann. § 23–3–620(E)(1) (Supp. 2000).[3]

In 2001, respondent informed petitioner he was required to provide a DNA sample as a condition of his parole and his failure to do so would constitute a parole violation. Petitioner instituted this action, asking whether the Act requires him to submit a DNA sample. Petitioner's motion for a temporary restraining order was granted and respondent was enjoined from requiring petitioner to provide a sample of his DNA pending the outcome of this action.

■ The statute at issue, § 23–3–620(E)(1) (Supp.2000), states:

(E) At such time as possible and before release from confinement or release from the agency's jurisdiction, a suitable sample from which DNA may be obtained for inclusion in the State DNA Database must be provided *as a condition of probation or parole* by:

(1) A person convicted ... before July 1, 2000, who is serving a probated sentence *or is paroled on or after July 1, 2000,* for: [one or more enumerated crimes];[4] and

---

**3.** Since petitioner filed this action, the Act was amended again in 2004. The only amendment to the phrase in question is a change in date, and the statute states a sample is a condition of parole for "a person convicted or adjudicated delinquent before July 1, 2004, who is serving a probated sentence or is paroled on or after July 1, 2004." S.C.Code Ann. § 23–3–620(E)(1) (Supp. 2005).

**4.** A person convicted of a violent crime is subject to the Act. A violent crime is defined in S.C.Code Ann. § 16–1–60 (Supp.2005) and includes the crime of murder.

> (2) any criminal offender ordered by the court who was convicted ... before July 1, 2000, and who is serving a probated sentence *or is paroled on or after July 1, 2000.*

Petitioner argued to the trial court that the word "paroled" refers to an individual who is "released to parole" on or after July 1, 2000, and that because he was released to parole prior to that day, the Act does not apply to him. The court found that such a construction of the word "paroled" would limit the statute's operation and would be destructive of its intent. The court found it was the intent of the legislature to include all individuals currently paroled in the database. Therefore, the court held that petitioner must provide a sample as a condition of his parole. The Court of Appeals affirmed.

We find the Act is inapplicable to petitioner because the Legislature's act of amending the statute in 2000 shows that a departure from the original law was intended. *See Kerr v. State,* 345 S.C. 183, 547 S.E.2d 494 (2001) (adoption of amendment which materially changes statute's terminology raises presumption that departure from original law was intended). It is presumed the Legislature, in adopting an amendment to a statute, intended to make some change in the existing law. *Vernon v. Harleysville Mut. Cas. Co.,* 244 S.C. 152, 135 S.E.2d 841 (1964). *See also Denene, Inc. v. City of Charleston,* 352 S.C. 208, 574 S.E.2d 196 (2002) (it must be presumed the Legislature did not intend a futile act, but rather intended its statutes to accomplish something); *Stuckey v. State Budget and Control Bd.,* 339 S.C. 397, 529 S.E.2d 706 (2000) (subsequent statutory amendment may be interpreted as clarifying original legislative intent). Accordingly, as petitioner contends, we find the plain wording of the statute indicates the word "paroled" refers to an individual who is "released to parole" on or after July 1, 2000. *See Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 420 S.E.2d 843 (1992) (words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation); *Burns v. State Farm Mut. Auto. Ins. Co.,* 297 S.C. 520, 377 S.E.2d 569 (1989) (cardinal rule of statutory construction is to ascertain and effectuate Legislature's intent).

Our disposition of this issue makes it unnecessary to address petitioner's *ex post facto* argument. *See Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issue when resolution of prior issue is dispositive). Accordingly, the decision of the Court of Appeals is **REVERSED.**

WALLER, BURNETT, PLEICONES, JJ., and Acting Justice EDWARD W. MILLER, concur.