682 S.E.2d 828

**James A. SMITH, Respondent,**

v.

**BARNWELL COUNTY, Employer, and South Carolina Association of Counties Self Insurance Fund, Carrier, Appellants.**

**No. 26716.**

Supreme Court of South Carolina.

Heard June 10, 2009.
Decided Sept. 8, 2009.

Richard Kale, Jr., of Wilson, Jones, Carter & Baxley, of Greenville, for Appellants.

Andrew Nathan Safran, of Columbia, for Respondent.

Grady L. Beard and Daniel W. Hayes, both of Sowell, Gray, Stepp & Laffitte, of Columbia, for Amicus Curiae.

Justice PLEICONES.

This case presents the question whether an inmate injured while serving time on weekends may include his full time employment wages in addition to prison pay in determining his average weekly wage, for purposes of workers' compensation. Because we find that the legislature intended to deny inmates the right to combine wages, we find that Respondent may not do so. We therefore reverse the circuit court's decision to the contrary.

## FACTS

After a conviction for driving under the influence, Appellant James A. Smith served time on weekends at the Barnwell County Detention Center, where he was directed to engage in various work activities.[1] Smith also worked during the week at Bowe Construction. While working at a landfill during his weekend sentence, Smith fell from a tractor and injured his back.

Barnwell County elected to cover its prisoners under the workers' compensation program, as allowed by S.C.Code Ann. § 42–1–500 (2005). Barnwell County accepted Smith's claim for workers' compensation and began paying him compensation based upon an average weekly wage of $40 a week, the amount provided in S.C.Code Ann. § 42–7–65 (2005) as the average weekly wage for county and municipal prisoners. Smith then filed a Form 50 with the Workers' Compensation Commission contending that the average weekly wage from his regular employment, which he claimed was $333.82, should also be included in determining his compensation.

Following a hearing, the single commissioner ruled that Smith could not include the average weekly wage from his regular employment. The full commission affirmed and the

---

1. Though the record is silent as to whether Smith's labor was mandatory or voluntary, he was apparently engaged in a voluntary program for labor on public works allowed by S.C.Code Ann. § 24–13–235 (2005).

circuit court reversed the full commission. Barnwell County appealed.

## ISSUES

I. Did the circuit court err in finding that Smith is an "employee" of Barnwell County?

II. Did the circuit court err in finding that Smith may combine wages from civilian employment with the statutory average weekly wage for county prisoners?

## DISCUSSION

The amount of compensation awarded under the workers' compensation statutes is based on the worker's average weekly wage. S.C.Code Ann. § 42–1–40 provides the method for calculating the average weekly wage, but allows for deviation from the method "for exceptional reasons . . . ." S.C.Code Ann. § 42–1–40 (2005). This Court has held that concurrent employment is one such exceptional reason. *See Foreman v. Jackson Minit Markets, Inc.*, 265 S.C. 164, 217 S.E.2d 214 (1975).

Barnwell County argues on appeal that Smith was not an "employee" of Barnwell County and therefore, since Smith was not working for two or more employers when the injury occurred, Smith may not recover compensation for concurrent employment. We need not reach this issue because we agree with the County that, even assuming Smith is an "employee" for workers' compensation purposes, he may not combine wages under § 42–1–40.

Originally, the average weekly wage for prisoners was addressed in § 42–1–40, which contained the "exceptional reasons" provision.[2] In 1983, after this Court's decision in *Foreman*, the General Assembly removed the inmate section from § 42–1–40 and included it in the newly-created § 42–7–65, which contains no "exceptional reasons" provision. Section

---

2. Though § 42–1–40 only specifically addressed the average weekly wage of inmates of the State of South Carolina, S.C.Code Ann. § 42–1–500 (1977) provided for worker's compensation coverage for certain county inmates in accordance with the statutes addressing coverage for State inmates.

42–7–65 is entitled "Average weekly wage designated for certain categories of employees" [3] and provides in part, "[t]he average weekly wage for county and municipal prisoners is forty dollars a week."

By removing inmates from § 42–1–40, designating a specific weekly wage for inmates, and not providing an "exceptional reasons" provision in § 42–7–65, we find that the General Assembly intended that inmates not be allowed to combine wages in determining their average weekly wage. *Compare Boles v. Una Water District*, 291 S.C. 282, 353 S.E.2d 286 (1987) (holding that volunteer firefighter may combine wages where firefighter's average weekly wage was set forth in § 42–1–40). If the General Assembly had not intended such a result, there would have been no reason to remove inmates from § 42–1–40. *See Cannon v. South Carolina Dep't of Probation, Parole, and Pardon Serv.*, 371 S.C. 581, 584, 641 S.E.2d 429, 430 (2007), *citing Denene, Inc. v. City of Charleston*, 352 S.C. 208, 574 S.E.2d 196 (2002) (it must be presumed the Legislature did not intend a futile act, but rather intended its statutes to accomplish something).

 Given the above, we find that the General Assembly intended to deny inmates the ability to combine wages in determining their average weekly wage. *See State v. Scott*, 351 S.C. 584, 588, 571 S.E.2d 700, 702 (2002) (The cardinal rule of statutory interpretation is to ascertain the intent of the legislature.). Smith is therefore limited to the average weekly wage provided by § 42–7–65.[4]

---

3. 1983 Act No. 33, § 1; county prisoners were added in 1991 Act. No. 16, § 2.

4. We reject Smith's argument that S.C.Code Ann. § 42–7–65 (2005), as interpreted by Appellant, is penal in nature and so, must be strictly construed against the governmental entity seeking to enforce it. "A determination of whether a statute is civil or criminal in nature is primarily a question of statutory construction, which begins by reference to the act's text and legislative history." *See In re Matthews*, 345 S.C. 638, 648, 550 S.E.2d 311, 316 (2001). "Where the legislature has manifested its intent that the legislation is civil in nature, the party challenging that classification must provide 'the clearest proof that the statutory scheme is so punitive in either purpose or effect as to negate the [legislature's] intention.' " *Id.* In the instant case, Smith has failed to show the punitive nature of § 42–7–65, a part of the worker's compensation act.

## CONCLUSION

Assuming *arguendo* that Smith is an "employee" for purposes of the workers' compensation statute, we find that Smith may not combine wages. The General Assembly did not intend for an inmate to be able to combine wages in determining his average weekly wage.

**REVERSED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.