730 S.E.2d 335

**Gregory FORD and Leslie Ford, Appellants,**

v.

**BEAUFORT COUNTY ASSESSOR, Respondent.**

No. 4992.

Court of Appeals of South Carolina.

Heard Nov. 2, 2011.

Decided June 27, 2012.

Rehearing Denied Aug. 20, 2012.

John J. Pringle, Jr., of Columbia, for Appellants.

Stephen P. Hughes and William T. Young, III, of Beaufort, for Respondent.

THOMAS, J.

Gregory and Leslie Ford appeal an order issued by the Administrative Law Court (ALC) upholding the decision of the

Beaufort County Assessor (Assessor) to assess their property at the six-percent ratio instead of the four-percent ratio allowed for a legal residence. We affirm.

## FACTS AND PROCEDURAL HISTORY

The Fords own a residence on Hilton Head Island. It is their legal residence and domicile. They purchased the property in 2003 and built their house on it in 2005. Initially, they lived in their home the entire year and never rented it out to others.

During the summer of 2008, the Fords leased their home for ninety-one days. They paid accommodations taxes on their rental income. While their home was leased, they lived in a rented apartment in Sea Pines. The Fords' drivers' licenses, voter registration cards, tax bills and returns, and utility bills all show the address of the subject property as their legal residence, and they have never claimed any other address as their legal residence or domicile during the time in question. In 2008, they earned $76,500 from the rental of their residence.

In August 2008, the Assessor received an anonymous letter stating the Fords, though "claiming the house as their permanent residence, and being taxed at the 4% rate," "are not in residence and are renting the house out on the weekly rental market during the summer weeks for income purposes." Based on this information, the Assessor sought further information from the Fords, who advised (1) the subject property was their "personal home," (2) they rented the property for a few weeks in the summer, and (3) they lived there for the rest of the year. They also directed the Assessor to an internet site for specific information about the rental periods and terms.

After reviewing the matter, the Assessor sent the Fords a letter informing them that their application for the four-percent assessment ratio was denied for tax year 2008 because their property was rented for more than fourteen calendar days during the tax year. The Fords appealed the Assessor's decision to the Beaufort County Tax Equalization Board. The Board held a conference on the matter and affirmed the Assessor's decision.

The Fords then initiated this action in the ALC for a contested case hearing. The ALC held a hearing in the matter and issued an order affirming the ruling of the Board, holding (1) the Fords' home was ineligible for the four-percent assessment ratio for 2008 because it was rented for more than fourteen days during that year and (2) the sole statutory exception to the general rule that rental property does not qualify for the four-percent assessment ratio did not apply in this case. This appeal followed.

## ISSUE

Did the ALC err in upholding the Assessor's decision to deny the Fords' application for the four-percent property tax ratio for their home?

## STANDARD OF REVIEW

Tax appeals to the ALC are subject to the Administrative Procedures Act, and an appellate court is to review the ALC's decision for errors of law. *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73–74, 716 S.E.2d 877, 880–81 (2011). "Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below." *Id.* at 74, 716 S.E.2d at 881.

## LAW/ANALYSIS

The primary focus of this appeal is section 12–43–220(c) of the South Carolina Code (Supp.2011),[1] which governs the eligibility of a legal residence to be taxed on an assessment ratio equal to four percent of the fair market value of the property. A legal residence that is not eligible to be taxed at this ratio is generally taxed based on an assessment ratio equal to six percent of its fair market value. S.C.Code Ann. § 12–43–220(e) (Supp.2011).

Section 12–43–220(c)(1) provides in pertinent part as follows:

> The legal residence and not more than five acres contiguous thereto, when owned totally or in part in fee or by life estate

---

1. Section 12–43–220 has been amended twice since this matter began; however, paragraph (c) was not affected by the changes.

and occupied by the owner of the interest, and additional dwellings located on the same property and occupied by immediate family members of the owner of the interest, are taxed on an assessment equal to four percent of the fair market value of the property. . . . When the legal residence is located on leased or rented property and the residence is owned and occupied by the owner of a residence on leased property, even though at the end of the lease period the lessor becomes the owner of the residence, the assessment for the residence is at the same ratio as provided in this item. If the lessee of property upon which he has located his legal residence is liable for taxes on the leased property, then the property upon which he is liable for taxes, not to exceed five acres contiguous to his legal residence, must be assessed at the same ratio provided in this item. If this property has located on it any rented mobile homes or residences which are rented or any business for profit, this four percent value does not apply to those businesses or rental properties. For purposes of the assessment ratio allowed pursuant to this item, a residence does not qualify as a legal residence unless the residence is determined to be the domicile of the owner-applicant.

The ALC held that under section 12–43–220(c)(1), the four-percent ratio generally would not be applied to an owner-occupied legal residence if that residence is rented for profit during the applicable tax year. In reaching this conclusion, the ALC emphasized the use of the language "any . . . residences which are rented" and interpreted this phrase to include a taxpayer's legal residence.

■ The Fords first take issue with the ALC's rejection of their argument about the significance of the term "this property," which is used in the next-to-last sentence of section 12–43–220(c)(1). The sentence reads as follows: "If *this property* has located on it *any* rented mobile homes or *residences which are rented* or any business for profit, this four percent value does not apply to those businesses or rental properties." (emphases added). Whereas the Fords argue "this property" includes only certain property contiguous to the legal residence and not the property on which the legal residence is located, the Assessor and the ALC maintain otherwise. We agree with the Assessor and the ALC.

In the first sentence of the above-quoted passage, it is apparent that the four-percent assessment "of the fair market value of the property" is a percentage of the value of the property on which the legal residence is located plus the same percentage of the value of limited surrounding acreage. Furthermore, in the sentence immediately preceding the sentence at issue here, "the property" upon which a lessee is liable for taxes obviously includes the property on which lessee's legal residence is located, as well as contiguous property not to exceed a total of five acres. We therefore agree with the ALC that the phrase "this property" in the next-to-last sentence in section 12–43–220(c)(1) includes the property on which the legal residence of an owner-occupant is located and that a legal residence of an owner-occupant is therefore subject to the six-percent assessment ratio if it is one of "any residences which are rented" and located on "this property." *See McClanahan v. Richland Cnty. Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002) ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute."); *Russo v. Nationwide Mut. Ins. Co.*, 334 S.C. 455, 458, 513 S.E.2d 127, 128 (Ct.App.1999) ("In statutory construction, legislative intent prevails where it can be reasonably ascertained from the plain meaning of the statutory language.").

█ The Fords further argue they are entitled to the four-percent assessment ratio pursuant to the first sentence in section 12–43–220(c)(1) because the subject property is their legal residence and they have satisfied the requirements of section 12–43–220(c)(2), which lists what a taxpayer must do in order to receive the four-percent assessment ratio for an owner-occupied residence.[2] We disagree. Although a taxpayer may be entitled to have property taxed at the four-percent

---

2. Under section 12–43–220(c)(2) of the South Carolina Code (Supp. 2011), "[t]o qualify for the special property tax assessment ratio ..., the owner-occupant must have actually owned and occupied the residence as his legal residence and been domiciled at that address for some period during the applicable tax year." This section further provides that "[a] residence which has been qualified as a legal residence for any part of the year is entitled to the four-percent assessment provided in this item for the entire year...."

assessment ratio based on a showing that the property for which the lower assessment ratio is sought has been that taxpayer's legal residence for some part of the tax year, the right to be taxed at the lower rate is subject to qualifications within the same statute. *See Duvall v. S.C. Budget & Control Bd.*, 377 S.C. 36, 42, 659 S.E.2d 125, 127 (2008) ("When construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect."). Here, the legislature intended to grant the preferred assessment ratio only to those owner-occupants who limit the use of their legal residences to statutorily defined parameters.

■ The Fords also contend the ALC erroneously interpreted section 12–43–220(c)(7) of the South Carolina Code (Supp.2011) to be the sole exception to the rule disqualifying an owner-occupant from receiving the four-percent assessment ratio for a legal residence that is rented for profit during the tax year. Specifically, they contend subsection (c)(7) is only a "safe-harbor" and their failure to meet the requirements in this subsection should not prevent them from receiving the preferred assessment ratio. We disagree.

Section 12–43–220(c)(7) provides as follows:

Notwithstanding any other provision of law, the owner-occupant of a legal residence is not disqualified from receiving the four percent assessment ratio allowed by this item if the taxpayer's residence meets the requirements of Internal Revenue Code Section 280A(g) ... and the taxpayer otherwise is eligible to receive the four percent assessment ratio.

Internal Revenue Code section 280A(g), to which section 12–43–220(c)(7) refers, reads as follows:

(g) Special rule for certain rental use.—Notwithstanding any other provision of this section ..., if a dwelling unit is used during the taxable year by the taxpayer as a residence and such dwelling unit is actually rented for less than 15 days during the taxable year, then—

(1) no deduction otherwise allowable under this chapter because of the rental use of such dwelling unit shall be allowed, and

(2) the income derived from such use for the taxable year shall not be included in the gross income of such taxpayer under section 61.

The ALC reasoned that because (1) a statute providing that "a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in another way" and (2) a court should interpret a particular provision in conjunction with the whole statute and the policy of the law rather than in isolation, it follows that the legislature intended for section 12–43–220(c)(7) to state the sole exception under which a legal residence that is rented during the tax year can receive the four-percent assessment ratio. We agree with the ALC's analysis. Under section 12–43–220(c)(1), the Fords cannot claim the four-percent assessment ratio for their home, and there are no other statutory criteria under which the disqualification would be waived.[3]

Finally, the Fords complain the ALC erroneously treated the four-percent assessment ratio as an exemption or deduction and construed it against them based on this allegedly incorrect characterization. They assert the ALC did not cite any authority for the proposition that property tax assessment ratios are characterized as exemptions or deductions or that any ambiguities in a tax classification statute should be construed against the taxpayer. We disagree. The South Carolina Supreme Court has recently held that section 12–43–220 is a tax exemption statute. *See CFRE*, 395 S.C. at 74, 716 S.E.2d at 881 (implying section 12–43–220(c)(1) provides a statutory tax exemption and referencing "our policy of strictly construing tax exemption statutes against the taxpayer"). We

---

3. In support of their position, the Fords cite an order in a case involving different parties in which the ALC held the waiver of disqualification in section 12–43–220(c)(7) was only a safe harbor provision. Although this court affirmed the ALC, it did so in an unpublished opinion. Neither the ALC order nor this court's unpublished opinion is binding authority, and the ALC in this case was not compelled to follow either decision. *See* Rule 268(d)(2), SCACR ("Memorandum opinions and unpublished orders have no precedential value and should not be cited except in proceedings in which they are directly involved."); 21 C.J.S. *Courts* § 212 (2006) ("Trial or inferior court decisions are not precedents binding other courts, including appellate courts or other judges of the same trial court.").

therefore hold the ALC correctly construed any uncertainty in the statute against the Fords.

## CONCLUSION

We agree with the ALC's interpretation of section 12–43–220(c) of the South Carolina Code and affirm the decision to deny the Fords' application for a four-percent assessment ratio on their home.

AFFIRMED.

FEW, C.J., and KONDUROS, J., concur.