**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Faubert, Employee, Respondent,

v.

University of SC Apprentice Students, Employer, and State Accident Fund, Carrier, Appellants.

Appellate Case No. 2015-002505

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2018-UP-267
Heard September 27, 2017 – Filed June 20, 2018

———————

**REVERSED AND REMANDED**

———————

Temus C. Miles, Jr., of McKay Cauthen, Settana & Stubley, P.A., of Columbia, for Appellants.

Zandra L. Johnson, of The Law Firm of Zandra L. Johnson, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** John Faubert (Claimant), a graduate student at the University of South Carolina, was injured while working as an unpaid intern at a hospital. The internship was a mandatory part of his graduate studies. Claimant was

concurrently employed at McDonalds. He filed a workers' compensation claim against University of South Carolina Apprentice Students and State Accident Fund. The Appellate Panel of the Workers' Compensation Commission affirmed the single commissioner, allowing Claimant to combine wages to calculate his average weekly wage. This appeal followed.

We reverse and remand according to the following authorities: *See Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 384, 769 S.E.2d 1, 2 (2015) ("On appeal from an appellate panel of the Workers' Compensation Commission, [the] Court can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record."); *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 479-480, 646 S.E.2d 162, 165 (2007) (citation omitted) ("Statutory interpretation is a question of law. But whether the facts of a case were correctly applied to a statute is a question of fact, subject to the substantial evidence standard."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (Substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached.); S.C. Code Ann. section 42-7-65 (2015) (the average weekly wage for a student of a state-supported university "while engaged in work study, marketing education, or apprentice programs on the premises of private companies . . . is fifty percent of the average weekly wage in the State for the preceding fiscal year."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning"); *Smith v. Barnwell Cty.*, 384 S.C. 520, 524, 682 S.E.2d 828, 830 (2009) ("By removing inmates from § 42-1-40, designating a specific weekly wage for inmates, *and not providing an "exceptional reasons" provision in § 42-7-65*, we find that the General Assembly intended that inmates not be allowed to combine wages in determining their average weekly wage.")(emphasis added).

We reverse the determination of average weekly wage and remand to the commission. On remand, the commission shall calculate Claimant's average weekly wage in compliance with section 42-7-65 of the South Carolina Code (2015), and set the compensation rate for benefits accordingly.

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., HUFF and HILL, J.J., concur.**