**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith E. Turner, Respondent,

v.

South Carolina Public Employee Benefit Authority, South Carolina Retirement Systems, Appellant.

Appellate Case No. 2019-000895

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2021-UP-237
Submitted May 3, 2021 – Filed June 23, 2021

**AFFIRMED**

Justin Richard Werner, of Columbia, for Appellant.

Keith E. Turner, pro se.

**PER CURIAM:**  The South Carolina Public Employee Benefit Authority, South Carolina Retirement Systems (PEBA) appeals an order of the Administrative Law Court (ALC) finding it was without statutory authority to compel Keith E. Turner to repay an overpayment of retirement benefits in a lump sum or installments,

arguing (1) it has implicit statutory power, and (2) it has the power as a trustee. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      The ALC did not err in finding PEBA did not have implicit statutory power to require Turner to repay the overpayment in full or in installments.  *See Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535-36, 725 S.E.2d 693, 695 (2012) ("[W]e must follow the plain and unambiguous language in a statute and have 'no right to impose another meaning.'" (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); *Captain's Quarters Motor Inn, Inc. v. S.C. Coastal Council*, 306 S.C. 488, 490, 413 S.E.2d 13, 14 (1991) ("As a creature of statute, a regulatory body is possessed of only those powers expressly conferred or necessarily implied for it to effectively fulfill the duties with which it is charged."); S.C. Code Ann. § 9-1-20 (2019) (creating South Carolina's retirement system); *King v. S.C. Ret. Sys.*, 319 S.C. 373, 376, 461 S.E.2d 822, 823 (1995) (stating the retirement statutes "should be liberally construed in favor of those to be benefitted and the objects sought to be accomplished").  *Compare* S.C. Code Ann. § 9-1-1580 (2019) (allowing PEBA to reduce or modify a disability retirement allowance, but not authorizing PEBA to force a recipient to repay any overpayment) *and* S.C. Code Ann. § 9-1-1670(A) (2019) (requiring PEBA to "adjust the payment" to correct any errors "so far as practicable") *with* S.C. Code Ann. § 41-41-40 (2021) (permitting the Department of Employment and Workforce to obtain a full repayment of unemployment benefits, not only through an adjustment of future benefits, but also by allowing the Department to collect the overpayment through the Department of Revenue) *and* S.C. Code Ann. § 43-5-30(c) (2015) (enabling the Department of Health and Human Services to recoup overpayments against Medicaid providers as well as recipients of benefits "(1) [by] receiving a payment from the client or former client; or (2) by reducing the amount of any future aid payable to the client").

2.      The ALC did not err in finding that although PEBA's power as trustee gave it the authority to seek repayment through "other legal and equitable remedies," it did not grant the power to require Turner to repay the overpayment as sought by PEBA.  *See Redding v. Burlington Cnty. Welfare Bd.*, 323 A.2d 477, 480 (N.J. 1974) (explaining the authority of a county welfare board to recover overpayments by filing an action was implied "in the delegation of authority to administer the program[,]" but recognizing the power may be limited based on a determination of whether "the person has the means or ability to repay" and for overpayments resulting from administrative error); *see generally* 60A Am. Jur. 2d *Pensions* § 1063 (2014) (discussing federal retirement and stating the "[r]ecovery of overpayments may not be made from an individual when . . . the individual is

without fault and where recovery would be against equity and good conscience"). In addition, the ALC was not bound by the previous ALC opinions cited by PEBA. *See* Rule 70(F), SCRALC ("The issue(s) addressed in en banc decisions by the administrative law judges are binding upon all individual administrative law judges in all subsequent cases, unless a majority of the judges determine otherwise."); *Ford v. Beaufort Cnty. Assessor*, 398 S.C. 508, 515 n.3, 730 S.E.2d 335, 339 n.3 (Ct. App. 2012) (finding the administrative law court was not bound by another administrative law court order).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.